RIGBY v. LOGAN.

1. MARRIED WOMAN—CONTRACT—ACT OF 1887—CASE AFFIRMED.—Where a contract executed by a married woman is for the benefit of her separate estate, it is not necessary to recite therein her intention to bind her separate estate, as provided in the act of 1887. *Gibson* v. *Hutchins*, 43 S. C., 287, affirmed.

2. IBID.—IBID.—CASE AFFIRMED.—If the contract of a married woman is shown to be one with reference to her separate estate, her liability is at once fixed, without regard to the disposition she may afterwards make of the fruits of such contract. *McCord* v. *Blackwell*, 31 S. C., 125, affirmed.

3. IBID.—ESTOPPEL.—Where a married woman recites in her bond that the contract is made for the benefit of her separate estate, she is afterwards estopped from denying it.

4. EVIDENCE—SECONDARY EVIDENCE.—A ledger admitted in evidence, to prove an account, upon proof of handwriting of book-keeper, who is shown to be beyond the jurisdiction of the Court, and place of residence unknown, when original books of entry are proven to have been destroyed.

Before WITHERSPOON, J., Clarendon, April, 1895. Affirmed.

Action in foreclosure by S. A. Rigby against Frances A. Logan. The following is the Circuit decree:

This is an action to foreclose a mortgage of 487 acres of land, executed by the defendant to the plaintiff, January 29th, 1891. The mortgage was executed to secure the payment of defendant's bond of even date, conditioned to pay plaintiff $650 on or before January 1st, 1892, with interest from date at the rate of eight per cent., and also all debts on accounts thereafter contracted up to 1st January, 1892, as shown by plaintiff's books of account, with interest thereon at said rate. The plaintiff alleges that the condi-

tion of said bond and mortgage has been broken, and that
there is due and remaining unpaid on said bond and mort-
gage the sum of $825.12, with interest thereon from Janu-
ary 1st, 1892, at the rate of seven per cent. per annum.
The defendant, in her answer, admits the execution of the
bond and mortgage as alleged in the complaint. The de-
fendant alleges that she was, at the date of the execution
of said bond and mortgage, and still is, a married woman.
She denies that the bond and mortgage were given or any
part of the consideration thereof was for the benefit of de-
fendant's separate estate. The defendant demands the
judgment of the Court that the bond and mortgage executed
by her to plaintiff be adjudged without force to bind the
defendant's separate estate. The cause was heard on the
pleadings and the testimony taken at the hearing and the
argument of counsel. I find as matter of fact that the de-
fendant was, at the date of the execution of her bond and
mortgage, and still is, a married woman, the wife of Ran-
som L. Logan, and that the real estate described in the
mortgage is the separate estate of the defendant. I further
find as matter of fact that the defendant, then a married
woman, did, on January 2d, 1888, execute to plaintiff a
mortgage of the same land to secure the payment of $350,
with interest from date to the 1st January, 1889, and also
to secure debts or accounts thereafter contracted—that is,
between January 2d, 1888, and January 1st, 1889. On the
21st January, 1891, plaintiff marked the original mortgage
satisfied, and accepted from defendant the bond and mort-
gage described in the complaint, which embraces the bal-
ance due upon the first or original mortgage. Both the
original as well as the subsequent mortgage referred to in
plaintiff's complaint contain a clause, of which this is a copy:
"And I, the said Frances A. Logan, do covenant to and
with said S. A. Rigby that the said debt herein referred to,
and any part thereof, is for the benefit of my separate estate
as a married woman, and that the said bond and this mort-
gage are so executed." Each of said mortgages were duly

recorded. The consideration of both mortgages was goods furnished and money advanced by plaintiff upon the security furnished by said mortgages. The plaintiff was not personally acquainted with the defendant; Ransom L. Logan, the defendant's husband, procured from plaintiff the goods furnished and the money advanced upon the security furnished by the mortgage. Ransom Logan was present at the hearing, but did not testify in the case. The defendant testified that she did not have any personal communication with plaintiff, and that she did not personally receive any of the goods furnished or money advanced by the plaintiff. Both of the mortgages from the defendant to plaintiff were executed while the act of December 24, 1887, was in force, and it seems to me that the clause in the mortgages above quoted were intended to comply with the provisions of the first section of the act of 1887. This act, however, must be strictly construed, and in the absence of any *declaration* in the mortgage of the defendant's intention to charge her separate estate, I conclude that the defendant's liability must be determined without reference to the act of 1887.

There is neither allegation or proof that the defendant was induced by *undue influence* to sign the bond and mortgage. The plaintiff was not present when the papers were executed. The defendant admits that the papers were read over to her, and it must be assumed that the defendant acted advisedly in declaring in the mortgage that the debt thereby secured was for the benefit of her separate estate as a married woman. When a creditor seeks to enforce a contract made with a married woman, the burden of proof is in the first instance upon him to show that the contract is of such a character as a married woman has power to make; yet, after it has been shown that the married woman had, as a matter of fact, represented that the contract was made with reference to her separate estate (as in this case), then the burden of proof shifts, and it is then incumbent on the married woman to show such facts as would defeat the estoppel arising from

such representations. To allow a denial of the truth of the representations made, would be a fraud upon the party making advances upon the faith of such representations, and the doctrine of equitable estoppel would apply, unless the party making the representation can show that the party to whom the representation was made knew that the representation so made was not true. *Brown* v. *Thompson*, 31 S. C.; *Bank* v. *Luhn*, 34 S. C. It has not been made to appear that the plaintiff knew that the defendant's representation in her mortgage that the debt secured by the mortgage was for the benefit of her separate estate, was not true as a matter of fact. The plaintiff testifies that he knew nothing of defendant's purposes in executing the bond and mortgage outside of the representations contained in the mortgage. Upon the same day that the plaintiff cancelled the first mortgage and accepted the bond and mortgage described in the complaint, to wit: January 29th, 1891, the plaintiff drew a draft for $238.50 on F. W. Wagener & Co., of Charleston, payable to the order of defendant at sight. The name of the defendant appears endorsed upon said draft, and I am satisfied that the endorsement was made on the draft by the defendant. The draft has been paid by Wagener & Co. and returned to plaintiff. The money was collected by Ransom Logan, the husband, as the agent of defendant, or by some one duly authorized by the defendant to receive the same. Having made the draft payable to the order of the defendant, it was not incumbent upon the plaintiff to show what disposition the defendant made of the money. There is no evidence to show that plaintiff knew what application was made of the money when collected. The draft constitutes a part of the consideration of the bond and mortgage referred to in the complaint. It appears that the plaintiff's store was consumed in February, 1894, by fire communicated by the adjacent building. All of plaintiff's books of accounts were destroyed by fire, with the exception of his ledger, which was in the iron safe. Plaintiff testifies that he furnished goods several times to defendant's children upon orders pur-

porting to be signed by the defendant. The plaintiff admits that she gave her son one order on plaintiff for goods. It is unreasonable to suppose that the defendant was ignorant of the fact that her husband was getting supplies and money from plaintiff upon the faith of the representations made by her in the two mortgages from January 1, 1888, to January 1, 1892. During all this period the plaintiff had no intimation from the defendant, or from her husband acting for her, that the representation made by the defendant in both mortgages was not true as a matter of fact. Under these circumstances, I conclude that the defendant is estopped from denying that the debt secured by the mortgage described in the complaint was not contracted for the benefit of her separate estate.

The defendant, in her answer, denies any liabilty to the plaintiff under the bond and mortgage. She does not deny that the plaintiff furnished the goods and advanced money thereon the bond and mortgage to the amount as alleged in the complaint. There is an admission in the bond and mortgage as to the indebtedness of $650 due January 1, 1892, with interest from January 1, 1891. Under the pleading it was not necessary for plaintiff to offer proof to establish the amount of the debt claimed by plaintiff, if the defendant is liable upon her bond and mortgage. The only book of account that was left after the burning of plaintiff's store to prove the account for goods furnished *after the execution of the bond and mortgage, was plaintiff's* ledger, in the handwriting of a clerk, Mr. Lesesne, who was in North Carolina, beyond the jurisdiction of this Court, and whose place of residence was unknown to plaintiff at the hearing of the case. The defendant's counsel objected to the introduction of the ledger, upon the ground that the absent clerk who made the entries was the proper person to testify with reference to the ledger. The books of original entry having been destroyed by fire, the secondary evidence furnished by the ledger was the best proof that plaintiff could introduce. In the absence of any intimation or suggestion as to the

incorrectness of the entries in the ledger, and as the clerk who made the entries in the ledger was beyond the jurisdiction of this Court, and as his present destination was unknown to plaintiff, the plaintiff was permitted to refer to the ledger to ascertain the balance charged to the defendant on the ledger and claimed to be due by defendant to plaintiff. The defendant objected to the introduction of the ledger by the plaintiff, which objection was overruled, and the defendant duly excepted. The plaintiff admits a payment of $34.88 since the execution of the bond and mortgage by the defendant, for which amount the defendant is entitled to a credit.

I conclude, as matter of law, that the plaintiff is entitled to a judgment of foreclosure against the defendant upon the bond and mortgage described in the complaint.

From this decree the defendant appeals, on the following exceptions:

(1) Because his Honor erred in his conclusion "that the defendant's liability must be determined without reference to the act of 1887."

(2) Because his Honor erred in not construing the mortgage according to the act of 1887, and in not dismissing the complaint.

(3) Because his Honor erred in sustaining the mortgage as a valid lien upon defendant's separate estate, and that the law as it existed prior to the act of 1887 was applicable, in the absence of evidence to sufficiently establish that benefit accrued to defendant's separate estate from the creation of the mortgage.

(4) Because that his Honor erred in his conclusions that the plaintiff did not know, the plaintiff being in position to know, that the articles of merchandise sold to defendant's husband were of a kind and character which were family supplies, and which the husband, under the law, was obligated to furnish, and for which he alone was liable, and that such articles were not of a kind to benefit defendant's separate estate.

(5) Because his Honor erred in concluding, the testimony not supporting such a conclusion, that Ransom L. Logan was ever at any time the agent of defendant, or that the defendant had ever constituted any one her agent.

(6) Because his Honor erred in his apprehension that it was proven as a fact that plaintiff's store was consumed in February, 1894, by fire communicated by an adjacent building.

(7) Because that his Honor erred in his conclusion that the defendant had endorsed her name upon the draft.

(8) Because his Honor erred in concluding, upon the recitals in his decree or prefacing the judgment, that under such circumstances the defendant is estopped from denying that the debt secured by the mortgage described in the complaint was not contracted for the benefit of her separate estate.

(9) Because that his Honor erred in ruling that the plaintiff was a competent witness to prove an account entered upon his ledger by his book-keeper, by merely testifying that there appeared upon the ledger, at the foot of an account thereon charged, but not testifying as to a single item of the account, a balance of $193.09.

*Mr. B. Pressley Barron*, for appellant.

*Messrs. Rhame* and *Davis*, contra.

March 6, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts in this case are stated in the decree of his Honor, Judge Witherspoon, which, together with the exceptions, will be set out in the report of the case, except the formal part of said decree ordering the sale of the property.

The first and second exceptions will be considered together. In the case of *Gibson* v. *Hutchins*, 43 S. C., 287, the Court says: "The notes which were discounted by J. D. Verner were executed while the act of 1887 was of force, which provides that: 'All conveyances,

mortgages, and like formal instruments of writing affecting her separate estate, executed by a married woman, shall be effectual to convey or charge her separate estate whenever the intention so to convey or charge such separate estate is declared in such conveyance, mortgage or other instruments of writing.' No such intention appears in said notes or mortgages. We are, however, of the opinion that no such requirement is necessary, under the act of 1887, where the contract entered into by a married woman was for the benefit of her separate estate. This view is indirectly sustained by the cases of *Reid* v. *Stevens*, 38 S. C., 519, and *Martin* v. *Suber*, 39 S. C., 525." These exceptions must, therefore, be overruled.

We next proceed to a consideration of the third exception. In the case of *McCord* v. *Blackwell*, 31 S. C., 125, the Court says: "In the sixth ground, defendant complains that the Judge erred in refusing to instruct the jury that if they find that the articles purchased from plaintiffs were not expended by Mrs. Blackwell on her separate property, or for the benefit of the same, plaintiffs cannot recover. We see no error in refusing this request. The question of the liability of a married woman on a given contract must be determined by the provisions of the Constitution and laws limiting her power to contract, and we are unable to discover anything in either the Constitution or any act which would warrant such an instruction. The question in all such cases is as to the nature of the contract, and not as to the disposition of its fruits If the contract in question is shown to be a contract with reference to the separate estate of a married woman, her liability is at once fixed, without regard to the disposition she may afterwards make of the fruits of such contract." This authority disposes of the third exception.

The fourth, fifth, sixth, and seventh exceptions only raise questions of fact. After a careful consideration of the testimony in the case, we are of opinion that the Circuit Judge was right in his conclusions.

We come next to a consideration of the eighth exception. The conclusion of the Circuit Judge is supported by the authorities which he cites, to which may be added the case of *Scottish Co.* v. *Mixson*, 38 S. C., 432. We will next consider the ninth exception. The evidence was properly admitted, because it was then the best in existence. *Hobbs* v. *Beard*, 43 S. C., 370. Furthermore, the defendant, in her mortgage, agreed to pay the accounts as shown by the plaintiff's books of account.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.