### 7583

### SEABOARD AIR LINE RY. v. RAILROAD COMMISSIONERS

EVIDENCE—BOOKS OF ACCOUNT.—The books of a railroad company kept in its offices in which the items of income and expense are aggregated and tabulated by many clerks, are admissible to show the earnings and expenses of the system on the issue of reasonableness of rates, which may be proved by the officer of the company under whose supervision the statements are made. While the party producing the book is not required to produce the memoranda from which the record is made up, the other party may call for any particular document which tends to elucidate the account.

Proceeding in the original jurisdiction of this Court by the Seaboard Air Line Railway to enjoin J. H. Earle *et al.*, as railroad commissioners, from enforcing a rate on fertilizers.

*Messrs Lyles & Lyles,* for petitioner.

*Attorney General Lyon,* contra.

May 14, 1910.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The referee to whom it was
referred to take testimony and report on all the issues of
law and fact, has made a preliminary report to this Court
on a question of evidence on the decision of which depends
the further conduct of the trial.   The referee thus states
the question and his decision thereon:

"During the taking of the testimony so far offered as to
the receipts and disbursements of the plaintiff company,
which has a material bearing on the reasonableness of the
rates on fertilizers prescribed by the railroad commission of
South Carolina, the question at issue, testimony was offered
of tables made in the office of the company from the records
of the company by clerks employed for that purpose, and
also of books of the company, which showed in tabulated
form its receipts and expenditures.   The Attorney General,
as counsel for the railroad commission, contended that only
the parties who received the moneys and made the dis-
bursements were competent witnesses to prove them, or at
least the original reports themselves.

"Counsel for plaintiff contended that any statement made
up in the office of the company from its books and records
could be proved by an officer of the company under whose
direction and supervision such statements were made.   The
referee ruled that by reason of the multitudinous agents
who collected and disbursed the freight, passenger and other
moneys of so large a system as the Seaboard Air Line Rail-
road Company, a requirement that they, or even the original
reports made to them, should be held to be the best, and,
therefore, the only admissible evidence would be practically
a denial of justice, and, therefore, not demanded; but that
the books of the company, kept in their offices in which
these several items were aggregated and tabulated could
be produced, and when produced, would be received in evi-
dence, but that such entries could not be produced by a copy
or by the person who made a copy."

The rule that a party cannot introduce his own statements in his favor is subject to the exception that he may introduce books of account, kept in the regular course of business, upon identification of the account by the persons who made and entered the transactions there recorded. But where the person who made the sale or other transaction and entered it is dead, or is for any other cause unavailable as a witness, on the principle of necessity, the books may be introduced upon the introduction of the best available proof of their verity. *Thomson* v. *Porter,* 4 Strobhart Eq., 58; Wigmore on Evidence, section 1521. Obviously there can be no fixed rule as to what circumstances establish such necessity, and what is sufficient proof of the verity of the books. These questions must be left almost entirely to the discretion of the trial court.

In this case, we think as held by the referee, that the books of original entry are the best evidence of the transaction of the plaintiff company, but the referee must decide in the first instance what are the books of original entry and what evidence is reasonably available to the plaintiff to prove the entries made therein.

We agree fully with the referee that it would be a practical denial of justice to require the plaintiff to produce all the way bills, tickets, reports and other innumerable memoranda made by its multitude of employees. The entries made of the aggregations of these on the plaintiff's books of original entry kept in good faith for the purpose of showing the course of its business and its profits and losses are admissible as evidence of such transactions. Wigmore on Evidence, vol. 2, sec. 1230. *Boston & W. R. Co.* v. *Dana,* 1 Gray, 83; *Louisville Bridge Co.* v. *L. & R. Co.* (Ky.), 75 S. W., 285.

The defendant is, of course, not to be precluded from calling for any particular documents in the possession of the plaintiff which, in the opinion of the referee, tend to

elucidate the accounts or books of the plaintiff or bear on any of the questions at issue.

It follows that the report of the referee should be confirmed, and it is so ordered.

MR. CHIEF JUSTICE JONES *did not sit in this hearing.*