8452

UNITED GROCERY CO. v. J. M. DANNELLY & SON.

1. BOOKS OF ACCOUNT.—Keeping account on loose sheets not stitched together, or according to the loose-leaf system of bookkeeping, is within books of account of original entry.

2. IBID.—ORIGINAL ENTRIES.—A witness who knows the handwriting of one making original entries in books of account, but who at the time of the trial is beyond the jurisdiction of the Court, can prove the entries.

Before COPES, J., Bamberg, March term, 1912. Reversed.

Action by United Grocery Company against J. M. Dannelly & Son. Plaintiff appeals.

*Mr. Jno. A. Willis,* for appellant, cites: *Entries made by one now nonresident may be proved by proof of handwriting:* 2 McC. 349; 1 Bay 40, 480; 1 McCord 305; 62 S. C. 243; 2 Enc. 607-9; 2 Wig., sec. 1521; 2 Rice Ev. 835.

*Messrs. Mayfield & Free* and *H. M. Graham,* contra, cite: *Account books must be produced in Court:* 2 Bail. 394; 11 S. C. 239; 14 S. C. 444; 56 S. C. 442; 63 S. C. 572; 87 S. C. 430.

March 14, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This was an action to recover $479.40, the amount alleged to be due on an open account for goods sold and delivered.

Plaintiff's bookkeeper testified that plaintiff's books were kept on the loose-leaf system, that is, the leaves of the books are not stitched or bound together, but are arranged so that they can be taken out of the books, and the accounts of customers are kept on separate sheets. He produced and identified the sheets which contained the original entries of the

account against defendant, and proved that they were in the handwriting of several of plaintiff's clerks, who were in Florida, and, therefore, beyond the jurisdiction of the Court. He also produced the sheet from the ledger which contained the defendant's account, and testified that he had posted the entries thereon, that is, the totals from the sheets of original entry, on the day or the day after they were originally made.

Objection was made to the introduction of these sheets on the ground that they were not such books of original entry as entitled them to be admitted as evidence, and on the further ground that, the entries on the sheets of original entry having been made by others, the witness was not competent to prove them. The objection was sustained.

We think the Court erred in excluding the evidence on both grounds. The objection goes more to its sufficiency or probative value than to its competency. *Seaboard Air Line Ry.* v. *R. R. Comm'rs,* 86 S. C. 91; 17 Cyc. 373, and note on page 393; *Toomer* v. *Gadsden,* 4 Strob. L. 193; *Elms* v. *Chevis,* 2 McC. 349; *Rigby* v. *Logan,* 45 S. C. 651, 24 S. E. 56; *Swancey* v. *Parrish,* 62 S. C. 243, 40 S. E. 554; 2 Enc. Ev. 607-9; 2 Wigmore 1521; 2 Rice 835.

Reversed.