# FIRST NATIONAL BANK OF AIKEN v. J. L. MOTT IRON WORKS.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 159. Argued March 10, 1922.—Decided March 20, 1922.

A national bank, having advanced money to one who had contracted to supply labor and material for a building, on the security of his assignment of the contract and of payments to be made under it, guaranteed payment of goods afterwards sold to the contractor, on the faith of the guaranty, and used in the work. *Held:* (a) That whether or not the guaranty was valid as an incident of banking, the bank was liable to the seller, up to its amount, for moneys subsequently arising under the assigned contract which were paid to it or, with its consent, to the contractor; and (b) that, the case having been tried on its merits, the distinction between a recovery on the guaranty and a recovery of the amount so directly or indirectly received on account of it, was purely formal. P. 241.

Affirmed.

CERTIORARI to a judgment affirming a recovery obtained by the respondent on a guaranty made by the petitioner.

*Mr. John F. Williams,* with whom *Mr. William S. Nelson* was on the brief, for petitioner.

*Mr. P. F. Henderson,* with whom *Mr. A. M. Lumpkin* was on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit against the petitioner upon a written guaranty of payment to the respondent of $2,363.50 for goods sold to the Kaiser Company. The plaintiff, (the respondent,) had a verdict and judgment and the judgment was affirmed by the Supreme Court of the State. The case comes here on the question of the liability of the bank, upon the facts that we shall state.

They are simple. A firm of McGhee and McGhee was building a hospital in Aiken. The firm had contracted with the Kaiser Company for the heating and plumbing, at the price of $7,800, the firm agreeing to pay eighty-five

per cent. of the labor and materials furnished each month and the remaining fifteen at the completion of the system. The Kaiser Company assigned this contract to the bank and the firm agreed to make all checks under the contract payable to the bank. This was done as security to the bank for advances the validity of which is not contested. In the course of performance the Kaiser Company ordered the goods concerned from the respondent, but the respondent required security before it would send them. Thereupon the bank in order to enable the company to complete its contract and thereby to repay the advances that the bank had made gave the guaranty in question. Subsequently the bank received $1,105.28 and might have received much more than the amount of its guaranty although in fact it allowed the McGhees to pay checks for $5,468 to the Kaiser Company, with the result that the Kaiser Company still owes it some money. Therefore the bank is in the position of having realized the benefit to acquire which the guaranty was made, and of having realized it out of the proceeds of the goods that it induced the Iron Company to sell.

In such circumstances, whether the contract is valid or not, the contractor is accountable to the contractee, up to the amount of his undertaking, for the proceeds coming to his hands from the contractee upon the inducement of the contract. *Citizens' Central National Bank* v. *Appleton,* 216 U. S. 196. In this case therefore the plaintiff is entitled to recover the amount for which it has declared, and as the case was fully tried upon the merits, the distinction between a recovery on the guaranty, as having been necessarily incident to the business of banking, and a recovery of the amount received by petitioner on account of the guaranty, becomes purely formal.

*Judgment affirmed.*

Mr. JUSTICE CLARKE. as absent and took no part in the decision.