### CITIZENS' STATE BANK OF ALICE v. COMMONWEALTH BANK & TRUST CO. (No. 7263.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 4, 1925.)

Venue ⊙⟶7 —Guaranty of note sufficient to compel guarantor to answer suit in county where note was payable.

In action against alleged guarantor of note payable in certain county, evidence *held* to show sufficient written obligation of performance to compel him to answer suit in that county.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the Commonwealth Bank & Trust Company against the Citizens'. State Bank of Alice and others. Defendant named and another interposed plea of privilege, which was overruled, and defendant named appeals. Affirmed.

Perkins & Floyd, of Alice, for appellant. J. O. Wiseman, of Lavernia, and L. B. Wiseman, of Floresville, for appellee.

COBBS, J. The Commonwealth Bank & Trust Company of San Antonio, Tex., instituted this suit in the Seventy-Third judicial district court of Bexar county, Tex., against P. J. Harmon, who then resided in Kleberg county, Tex., Citizens' State Bank of Alice, a banking corporation of Alice, Tex., and O. E. Cannon, who then resided in Jim Wells county, Tex., which suit was upon a promissory note for the principal sum of $6,409.-88, executed by the said P. J. Harmon, payable to the order of the said Commonwealth Bank & Trust Company, at its office in San Antonio, with interest at the rate of 10 per cent. per annum from maturity. Appellee alleged that said note was secured by a chattel mortgage upon certain personal property, which is fully described in appellee's petition, and further alleged that said note was in renewal and extension of a certain note of the maker, dated the 28th day of June, 1921, secured by a chattel mortgage, and that said chattel mortgage lien was retained to secure the payment of the new note. Appellee also alleged that said note was accepted by it upon the condition that the same would be guaranteed in writing by the defendant, O. E. Cannon, and appellant herein, Citizens' State Bank. Appellee then copied in its petition two letters executed by the defendant, O. E. Cannon, as president of appellant, Citizens' State Bank of Alice. Appellee then prayed for judgment against the defendants and for foreclosure of its chattel mortgage lien.

In what appellee styled its second count in its original petition it sets out that said note above described, which is payable to appellee at San Antonio, Tex., was given in renewal and extension of a note dated June 28, 1921, for the principal sum of $6,000, payable to the order of appellee at the Citizens' State Bank of Alice, Tex., giving the due date thereof and the amount of interest, and alleging that said note for the principal sum of $6,000 was not delivered to defendants, but was retained in the possession of appellee, and that same was past due and unpaid and entitled to such credits as were applied on said note first above described. Appellee then set up that the defendant, O. E. Cannon, as president of appellant, Citizens' State Bank of Alice, guaranteed payment of said note for $6,000 at maturity, and prayed in the alternative, in the event the court should hold that defendants O. E. Cannon and appellant, Citizens' State Bank of Alice, did not guarantee payment of said note first above described, then it prayed for judgment upon said note for the principal sum of $6,000.

Appellant, Citizens' State Bank of Alice, in due time filed its plea of privilege in the court below, setting out that it was a corporation organized in the state of Texas, with its principal office and place of business in the city of Alice, Jim Wells county, Tex., and otherwise conforming with the statute in pleading its privilege to be sued in the county of its residence. The defendant, O. E. Cannon, also filed a plea of privilege in the court below, but appellee subsequently dismissed said suit as against the said O. E. Cannon, and therefore further mention thereof is unnecessary.

In answer to the plea of privilege filed by appellant, Citizens' State Bank of Alice, the

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appellee filed its controverting affidavit, alleging that said suit was filed by it upon a promissory note for the sum of $6,409.88, in its favor, payable in San Antonio, Tex., and fully described in plaintiff's original petition, and especially referred to said petition for a complete description of said note. Appellee then alleged that Citizens' State Bank of Alice, Tex., guaranteed the payment in writing of said note as shown by letters copied in said petition, and further that by reason of said note being payable in San Antonio, Tex., the venue was properly laid in the Seventy-Third judicial district court of Bexar county, Tex.

Upon hearing the pleas of privilege, the same were overruled by the court, and appellant appeals.

The letters referred to as guaranteeing the payment of the obligation are as follows:

"Alice, Tex., February 20, 1922.

"Mr. W. R. Wiseman, V. Pres., Commonwealth Bank & Trust Company, San Antonio, Tex.—Dear Mr. Wiseman: I am inclosing you herewith letter with reference to guarantee on notes that you hold sent you by us. Of course, we are just as responsible for these as ever but not having these guarantees shown on our liabilities nor shown on our books at examinations from time to time, I am writing you this at the direction of the Commissions at Austin and I am sure you will understand it.

"I know that we are going to take care of the paper that you have there, as I told you when I talked to you some few days ago about it.

"Yours very truly,    O. E. Cannon,
"OEc-p. Enc.                          President."

"Alice, Tex., February 21, 1922.

"Mr. W. R. Wiseman, Vice President, Commonwealth Bank & Trust Company, San Antonio, Tex.—Dear Sir: With reference to the notes that you have there on which we have written you letters of guarantee and advising you to charge to our account at maturity, this is to advise you that we aren't responsible in a legal way for these notes. This was a moral obligation and which is still binding as a moral obligation and we will do everything we can to help you work this out. These guarantees do not show as liabilities of our bank.

"Yours very truly,
"O. E. Cannon, President."

All the questions of law that can possibly arise under a plea of privilege are so fully settled that there is no need to discuss them. Hence the only question for us to here pass upon is, Was the trial court correct in the holding that the guarantee was sufficient in connection with the note to compel the appellant to answer to this suit in San Antonio, Bexar county? The guaranteed note itself was made payable in San Antonio, Tex. The oral testimony showed that appellant bank was to guarantee the paper as part of the consideration of the payment of the note itself payable in Bexar county. It will be

268 S.W.—64

observed that appellant bank said in the letter of February 20, 1922:

"I know that we are going to take care of the paper you have there, as I told you when I talked to you some few days ago about it."

What did he mean by the use of the words, "take care of the paper you have there," unless it was a promise to pay it, or to guarantee its payment when it matured. How else could he take care of it there? We can give no other meaning to the use of the words than that it was a written promise to pay in Bexar county, according to the tenor and terms of the note itself.

On the very next day the appellant tries to qualify his recognized liability in which he recognized that he had guaranteed payment of the same by saying: "We aren't responsible in a legal way for these notes. This was a moral obligation, and which is still binding as a moral obligation, and we will do everything we can to help you work this out." McCauley v. Cross (Tex. Civ. App.) 111 S. W. 790. Any legal obligation is a moral obligation and, conversely, any moral obligation is the equivalent of a legal obligation. They are here, in a sense, inseparable, the one from the other. Shall we presume that appellant means it was only a moral obligation to take care of the paper, that is, to see that it is paid in San Antonio, but not a legal obligation to pay it? This is skating on ice entirely too thin. W. R. Wiseman testified:

"Cannon had been writing me about renewing this paper, and when it was renewed he came up personally and understood from him that the bank was to guarantee the paper as a part of the consideration for the renewal of the note. That the Citizens' State Bank of Alice was to guarantee the paper."

And further testified:

"I understood from him that the bank was to guarantee the paper as part of the consideration for the renewal of the note, that the Citizens' State Bank of Alice was to guarantee the paper."

Construing all together, the notes, the verbal testimony, and the letters above discussed, we cannot escape the conviction that it was a written obligation of performance in Bexar county. Farmers' State Bank of Merkel v. First State Bank of Abilene (Tex. Civ. App.) 260 S. W. 664; First Guaranty State Bank of Cross Plains v. Liberty Nat. Bank of Waco (Tex. Civ. App.) 260 S. W. 660; First National Bank v. Mott Iron Works, 258 U. S. 240, 42 S. Ct. 286, 66 L. Ed. 593; Citizens' Central Nat. Bank v. Appleton, 216 U. S. 196, 30 S. Ct. 364, 54 L. Ed. 443; Ellis v. Bank, 25 N. M. 319, 183 P. 34, 6 A. L. R. 166; Talman v. Rochester City Bank, 18 Barb. (N. Y.) 123.

We find no reversible error committed by the trial court, and its judgment is affirmed.