20545

GRAND STRAND CONSTRUCTION COMPANY, INC., Appellant, v. O. C. GRAVES, Jr., Mary Virginia C. Johnson, and the South Carolina National Bank, Respondents.

(239 S. E. (2d) 81)

*John R. Clarke,* of North Myrtle Beach, *for Appellant,*

*Ralph Hoffman,* of Conway, *for Respondent, Graves,* and *Richard M. Lovelace, Jr.,* of Conway, *for Respondent, Johnson,*

*David Gravely, of Myrtle Beach, for Respondent South Carolina National Bank.*

November 17, 1977.

GREGORY, Justice:

This appeal is from the order of the lower court granting respondents' motion for an involuntary non-suit. At issue is the trial judge's refusal to admit into evidence certain business records offered by appellant in proof of its claim against respondents. We reverse.

The admission or exclusion of evidence at trial is addressed to the sound discretion of the trial judge, and his discretion will not be disturbed on appeal in the absence of an abuse of such discretion amounting to a manifest error of law. *Wright v. Public Savings Life Insurance Co.,* 262 S. C. 285, 204 S. E. (2d) 57 (1974).

Appellant brought this action to foreclose a mechanics' lien on property owned by respondents and located in the area of Briarcliffe Acres. Appellant

contracted with respondents to provide labor for the construction of a house on respondents' property at the rate of six dollars per man hour. Appellant had been paid $4,500.00 for labor and materials and sought to recover $6,229.61 in unpaid labor costs.

At trial appellant sought to prove the number of man hours properly chargeable to respondents' account. The hours were tabulated by the job foreman or a sub-foreman in case the foreman was not present on the job site, and these tabulations were turned over to Grand Strand's secretary. These tabulations were usually made on scraps of paper that were either handed to the secretary or left for her under her office door. Occasionally the tabulations would be called in by telephone. The secretary would enter these tabulations into a permanent ledger kept by Grand Strand for that purpose. She did not keep the scraps of paper. Payroll checks would then be issued to the various employees in accordance with the ledger entries.

Appellant's secretary identified the ledger and it was offered into evidence. On respondents' objection the trial judge refused to admit the ledger into evidence on the ground the ledger was not the best evidence of the number of man hours chargeable to respondents' account. The basis of the lower court's refusal was its finding that appellant's ledger was not a book of original entry.

Appellant was able to prove a portion of its claim by the testimony of its job foreman who maintained a personal record of the man hours worked on respondents' project. The foreman's notebook was admitted into evidence but was not sufficient to prove that respondents owed appellant any amount in excess of the $4,500.00 that had already been paid. Appellant's sub-foreman had not kept a personal record and thus was unable to recall the number of man hours he had tabulated and turned in to Grand Strand.

As a result of the lower court's refusal to admit the ledger appellant was unable to prove respondents' indebtedness, and

on motion of respondents an involuntary non-suit was granted. This appeal followed.

We have consistently recognized the rule that a party may "introduce books of account kept in the regular course of business, upon identification of the account by the persons who made and entered the transactions there recorded." *Seaboard Air Line Ry. v. Earle,* 86 S. C. 91, 67 S. E. 1069 (1910). See also: *United Grocery Co. v. J. M. Dannelly & Son,* 93 S. C. 580, 77 S. E. 706 (1913) and cases cited therein.

Appellant's ledger was made up in the usual course of business from slips, reports or memoranda furnished by employees who were present at the job site, and the ledger was identified by the secretary who recorded the information. Th ledger is a book of original entry and constitutes the best evidence of the job hours chargeable to respondents. *Graves v. Garvin,* 272 F. (2d) 924 (4th Cir. 1959).

"True the record was hearsay, but the instance is one in which hearsay is accept[able]." *J. L. Mott Iron Works v. Kaiser Co.,* 131 S. C. 394, 400, 103 S. E. 783, 785 (1920) cert. granted, *First Nat'l Bank v. J. L. Mott Iron Works,* 254 U. S. 627, 41 S. Ct. 64, 65 L. Ed. 445; aff'd 257 U. S. 240, 42 S. Ct. 286, 66 L. Ed. 593.

As we stated in *Seaboard, supra:*

. . . it would be a practical denial of justice to require the plaintiff to produce all the waybills, tickets, reports, and other innumerable memoranda made by its multitude of employe[e]s. The entries made of the aggregations of these on the plaintiff's books of original entry, kept in good faith for the purpose of showing the course of its business and its profits and losses, are admissible as evidence of such transactions. 67 S. E. at 1070.

The trial court's refusal to admit appellant's ledger into evidence amounted to a manifest error of law and thus constituted an abuse of discretion. Accordingly, the lower court

erred by granting respondents' motion for involuntary non-suit.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.