19864

The STATE, Respondent, v. Joe Frank MATARAZZO, Appellant
(207 S. E. (2d) 93)

*Messrs. Luke N. Brown, Jr., and J. Harold Mayer, Jr.,* of Ridgeland, *and Alexander L. Zipperer, II,* of Savannah, Ga., *for Appellant,*

*Messrs. Randolph Murdaugh, Jr., Sol., and Randolph Murdaugh, III, Asst. Sol.,* of Hampton, *for Respondent,*

July 17, 1974.

BUSSEY, Justice:

At the June, 1973, term of the Court of General Sessions for Hampton County, the appellant Matarazzo was convicted of the offense of possession of a controlled substance (marijuana) with intent to distribute the same. He appeals from his conviction and resulting sentence to a two year term of imprisonment. He states and argues four questions on appeal and we shall first consider his contention that the evidence in the case was insufficient to support his conviction.

It is elementary that in deciding whether the court erred in failing to direct a verdict in favor of a defendant in a criminal case the appellate court is required to view the testimony in the light most favorable to the State. When a motion for a directed verdict is made the trial judge is concerned with the existence or nonexistence of evidence, not with its weight, and although he should not refuse to grant such motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to

submit the case to the jury, if there is any evidence, either direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which guilt may be fairly and logically deduced. See numerous cases collected in West's South Carolina Digest, Criminal Law Key No. 741(1), 753(2).

We accordingly review and state the evidence in the light most favorable to the State. Appellant, then 20 years of age, in February, 1973, rented a trailer which became his abode in Hampton, South Carolina. Before coming to Hampton he had been a resident of Savannah, Georgia for the previous 16 years. He was employed by the Georgia-Pacific Company working on a job from late afternoon until about 2:30 a. m., five days a week. Living in appellant's trailer with him was one Russell Curl, age 19, a former employee of appellant in forestry work, and a 14 year old Negro boy, one Willie Mays. Neither Mays nor Curl were employed at the time of the alleged offense, both being nonpaying guests in appellant's trailer home.

On Friday night, April 27, 1973, five law officers, including the Chief of the Hampton Police Department, acting on information from an informant, went to the appellant's trailer, knocked upon the door and were invited in. As the officers entered there were eleven persons in the living room of the trailer, Curl, Mays, and nine others who ranged in age from 13 to 18 years. A warm pipe was lying on the living room floor and the officers, one or more of them being familiar therewith, smelled burning marijuana. The appellant was at work and not present at the pot party. Curl who was known to the officers as an occupant of the trailer was promptly arrested. Mays, not known to the officers to be an occupant of the trailer, was later arrested as was the appellant.

The officers were armed with a search warrant, later ruled to be invalid, and in the course of a search of the trailer they found three bags of marijuana in the bathroom under the bathtub and a fourth bag underneath the couch in the living

room near the spot where the pipe was found. Upon a motion to suppress, the three bags of marijuana found in the bathroom were excluded from the evidence, with only the bag found under the couch being admitted into evidence. There was other evidence, however, as will hereinafter appear, that four bags of marijuana were in the trailer at the time of Curl's arrest. These four bags had been in the trailer for several nights and their presence therein was known to the appellant. Both Mays and Curl testified that appellant knew of the presence of the marijuana, but denied that such was the property of the appellant. At one point, however, Mays in response to a leading question by the solicitor testified to the effect that the marijuana was the property of all three occupants of the trailer. At least one sale of $5.00 worth of marijuana was made by Willie.

· The nine teen-agers who were attending the pot party as guests when the raid occurred were known to, and friends of, all three occupants of the trailer. The circumstances reflected by the evidence give rise to the inference that this was not the first party to be held at the trailer. At some time prior to the night of the raid, the chief of police went to the trailer and removed therefrom two 13 year old girls. Appellant was admittedly present at that time but contended that he was asleep and didn't know what the girls were doing there. Appellant admitted that he knew parties had taken place at his trailer but denied any knowledge that they were pot parties or that any children were participating therein.

Ordinarily articles in a dwelling are deemed to be in the constructive possession of the person controlling the dwelling. See 22A C. J. S. Criminal Law § 597, p. 379. See also the annotation in 91 A. L. R. (2d) 810, dealing particularly with possession and/or constructive possession in drug cases. There is abundant evidence, we think, to prove at least constructive possession of marijuana by the appellant and indeed his brief tacitly so concedes.

Viewing the evidence in the light most favorable to the State we conclude that under all of the circumstances a fair and logical deduction therefrom is that such possession on the part of the appellant was with the intent to participate directly or indirectly in the distribution thereof. It follows that the trial court correctly denied appellant's motion for a directed verdict of not guilty.

Appellant next contends that the trial court erred in refusing to suppress and exclude from the evidence the smoking pipe and the one package of marijuana which was found underneath the couch. It is argued that the seizure of such evidence was illegal for two reasons: (1) that probable cause for arrest was nonexistent, and (2) the seizure of these articles did not result from a search incident to a lawful arrest but was the direct result of a general search of the premises in the course of the execution of a void search warrant. The record discloses that neither of these contentions was presented to the court below and accordingly they may not be appropriately raised for the first time on appeal.

It is true that counsel for appellant in his motion to suppress sought to suppress all of the evidence, but discussed what portion of the evidence, if any, might under the law be admissible because discovered and seized in the course of a search incident to a lawful arrest. In summing up his contentions, counsel conceded that the court might find that there was a valid search, incident to a lawful arrest and moved that in the event of the court so finding, all evidence not found in the room of the arrest be suppressed. Thereafter the court heard, at length, evidence for the State as to the circumstances surrounding the arrest of Curl and the search of the apartment; no evidence being offered by the appellant. The court then ruled that the search warrant was invalid and further ruled that the marijuana found in the bathroom would be excluded, but that the evidence seized in the living room, the point of arrest, would be admitted. While His

Honor did not so expressly state, it is obvious that after hearing the evidence, his Honor concluded that there was a lawful arrest of Curl and, incident thereto, a lawful search of the room in which the arrest occurred. We add that the record rather clearly shows that his conclusion in this respect was correct. Counsel for appellant, after hearing the evidence and the ruling, was obviously satisfied therewith and interposed no further objection to the pipe and one bag of marijuana found in the room of arrest. He not only did not object, but expressly stated that he had no objection thereto.

Appellant next contends that the court erred in allowing testimony concerning the three bags of marijuana which had already been ordered suppressed. Without any reference to the search by the officers, Willie Mays and later Curl, testified that there were four bags of marijuana in the trailer at the time of the raid by the officers.

There are a number of reasons why appellant's contention in this respect is totally without merit. The testimony of Mays was objected to, but he was thereafter cross-examined by appellant's counsel without any reservation of rights under the objection. No objection was interposed to the testimony of Curl. He does not now assert error as to the admission of the testimony of Curl, the crux of his contention being simply that but for the illegal search of the premises, Willie Mays would never have been arrested and his incriminating testimony as to the existence and quantity of marijuana never been made available to the State. In brief, such testimony was the fruit of "the poisonous tree". The shortest and simplest answer to this contention is that such was never made to nor passed upon by the court below.

The record shows that when Mays was asked how much marijuana was in the trailer that night he responded, "I guess it was four bags." Counsel objected stating simply that the allowance of such testimony would defeat the entire

purpose of the exclusionary rule, the three bags of marijuana found under the invalid search warrant having been previously suppressed. The court ruled, in effect, that the invalidity of the search warrant would not prevent the State from proving through an independent source, if it could, the quantity of marijuana in the premises at the time. Counsel did not even suggest to the court the possibility of the testimony of Mays being other than from an independent source. Even had the issue, which he now raises, been precisely raised when the testimony of Mays was objected to, the record is insufficient to support appellant's present contention. The record does indicate that the State had available considerable evidence against Mays other than any marijuana found as the result of an invalid search warrant. Most probably only Mays himself knows, and the record does not show, exactly why he decided to plead guilty and testify for the State.

In this same connection, in the course of the examination of Mr. Layton, a chemist for SLED, the solicitor asked and Mr. Layton answered a question as to the approximate weight of four packages of marijuana similar to the one package which was in evidence. Upon objection by counsel the jury was excused. Counsel then, and for the first time, contended to the court that any testimony as to four bags of marijuana would under the circumstances of the case be the fruit "of the poisonous tree" and accordingly excluded under the principles enunciated in *Wong Sun v. United States,* 371 U. S. 471, 83 S. Ct. 407, 9 L. Ed. (2d) 441. The solicitor agreed not to pursue this line of questioning with Layton, following which the court ruled the question out of order. Counsel for appellant then moved for a mistrial on the ground that there were several references to the four bags of marijuana, which were so prejudicial to his client as to require a mistrial. No request was made for any further or precautionary instruction with respect to the objection made to the testimony of Layton and sustained by

the court. Neither was there a motion to strike any of the evidence as to the four bags.

The motion for a mistrial was properly denied. Mr. Layton was the last witness for the State and even assuming, without at all deciding, that the objection to his testimony was meritorious, such was sustained. At that stage of the trial two witnesses had already testified, without any proper objection thereto, that there were in fact four bags of marijuana in the trailer. Moreover, the record does not reflect, we think, any meritorious ground for excluding such evidence even if timely objected to.

Finally, the appellant argues that he is at least entitled to a new trial because of alleged prejudicial remarks of the solicitor to the jury in the course of argument. This contention is clearly without merit. The records show that in only one instance did counsel for appellant object to any remark by the solicitor which objection was sustained, the court instructing the jury to disregard the remark objected to.

We conclude that all of the appellant's objections are without merit and the judgment below is accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.