20317

The STATE, Respondent, v. Anthony "Pop" GREEN, Appellant.

(230 S. E. (2d) 618)

*Robert W. Mance, III, Esq.,* of Columbia, *for Appellant,*

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Treva G. Ashworth, Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent,*

December 2, 1976.

RHODES, Justice:

Anthony Jerome "Pop" Green, appellant, was arrested on June 26, 1974, and charged with the murder of Aurelia Sumter earlier the same day. Subsequently, he was indicted and brought to trial at General Sessions Court of Richland County. The jury returned a verdict of guilty on the charge

of murder, and the appellant was sentenced to life imprisonment. The appellant raises two exceptions in contending that his conviction should be reversed. We affirm.

The appellant's first exception concerns whether the court abused its discretion in allowing the jury to consider the testimony of six year old Tommy Sumter, the only known eyewitness to the homicide. When the State offered young Sumter, the brother of the victim, counsel for the appellant objected on the ground that Tommy was too young to respond competently to questions regarding the incident. The court proceeded to conduct a hearing out of the presence of the jury on Tommy's competency to testify. Following extensive questioning of the child by the court and the solicitor, the court stated that Tommy Sumter was competent. When counsel for the appellant again objected, the court recommenced questioning Tommy to make certain that he was competent. At length the court restated its belief that young Sumter was qualified to testify for the State and permitted the witness to be examined, noting at the same time defense counsel's renewed objection.

The appellant objects to the court's admission of Tommy's testimony for two reasons: (1) the witness could not be specific about what he saw and could answer only questions which suggested to him the desired answers (in short, he could not adequately communicate his observations regarding the shooting of his sister); and (2) Tommy was not asked about a belief in God. The appellant contends that the court's admitting this witness' testimony amounted to an abuse of discretion and severely prejudiced the appellant. We do not agree.

First, with regard to the appellant's contention of general incompetency, the record reflects that Tommy's testimony as to the events of June 26, 1974, was essentially firm and unwavering. His responses indicate, that, while he did have some difficulty answering at times, he was aware of what he had observed and was suf-

ficiently capable of expressing those observations to the court and the jury. Admittedly, Tommy Sumter was a very young witness, a fact demanding that special care be taken to ensure that he was competent. The record discloses that the trial judge took the required steps in this regard.

The mere fact that Tommy was but a six year old boy at the time of the trial did not in itself make him incompetent to testify. There is no fixed age which an individual must attain in order to be competent to testify as a witness. *Wheeler v. United States,* 159 U. S. 523, 16 S. Ct. 93, 40 L. Ed. 244 (1895), where a five and one-half year old child was permitted to testify; *Pocatello v. United States,* 394 F. (2d) 115 (9th Cir. 1968), where witnesses of five and seven years of age testified; *Webster v. Peyton,* D.C., 294 F. Supp. 1359 (1968), where an eight year old was allowed to testify as a witness. The question of the competency of witnesses is to be determined by the trial judge. His determination will not be reversed unless a clear showing of abuse of discretion can be made. *Peyton v. Strickland,* 262 S. C. 210, 203 S. E. (2d) 388 (1974); 97 C.J.S. Witnesses § 58 (1957). In the instant case, the court acted correctly in admitting Tommy Sumter's testimony.

With respect to whether the trial judge should have questioned the witness about a belief in God, this Court granted the respondent's petition in accordance with Rule 8, § 10 of the Rules of this Court, to review the proposition that when a witness' competency is challenged on the grounds of religious defects, the witness must affirmatively state a belief in God before he may be found competent to testify. Tommy Sumter indicated that he attended Sunday School, that he knew the difference between right and wrong, and that he would tell the truth on the stand. He never stated that he did not believe in God or in retribution from the Almighty for lying. These questions were never put to him.

The respondent contends, however, that it is not required that Tommy Sumter have been asked these questions.

One of the earliest cases in this State dealing with this issue is *Jones v. Harris,* 1 Strob. 160 (1846). There a witness' competency to testify concerning a will was objected to on the ground that there was a defect in his religious beliefs. It was contended by the objecting party that because of the alleged defect, the witness was unable to understand the significance of an oath to tell the truth. When asked if he believed in a God, the witness answered promptly in the affirmative. He also stated that if he should commit a falsehood, unknown to anyone but himself, that he would feel the "sting of conscience" and would certainly suffer for it in some way if not after death. Upon the witness' answers, he was held to be competent and was examined. The plaintiff appealed on the ground that the trial judge erred in allowing the witness to testify. On appeal it was held that an acknowledgment of a belief in God and His providence is sufficient to establish the competency of a witness who has met with objection on the ground of defective religious beliefs. The Court thus overruled the exception.

In two subsequent cases, this Court adhered to the test laid down in *Jones v. Harris, supra.* In *State v. Belton,* 24 S. C. 185 (1886), and *State v. Abercrombie,* 130 S. C. 358, 126 S. E. 142 (1925), the Court held that witnesses of twelve and eight years, respectively, challenged on the grounds of having defective religious beliefs, were incompetent to testify because neither witness had satisfactorily expressed a belief in God and His providence.

In two more recent cases, the *Jones* test was relaxed. However, neither of these cases overruled that test, and both are distinguishable on their facts from the earlier decisions. In *State v. Pitts,* 256 S. C. 420, 182 S. E. (2d) 738 (1971), this Court held that the trial judge had committed no error in refusing to charge the jury that they could disregard the testimony of a witness for the State because he was an ad-

mitted agnostic. Noting that the appellant relied upon *State v. Belton, supra,* and *State v. Abercrombie, supra,* as authority for the rule that atheists and agnostics are not competent witnesses, we held that the competency of a witness to testify was properly decided by the trial judge rather than by the jury and that this was the fundamental issue in *State v. Pitts.* We stated the following:

"We think an apt statement of the applicable rule is set forth in *State v. Comstock,* 137 W. Va. 152, 70 S. E. (2d) 648, where it is said:

'The question of the competency of a witness is a question for the court, and not for the jury, and when a witness is offered in a criminal case, and doubt is raised as to the competency of such witness, it is the *duty of the court to determine that question upon a careful examination of the witness as to age, capacity, and moral and legal accountability.'"
(Emphasis added.)

In *State v. Hicks,* 257 S. C. 279, 185 S. E. (2d) 746 (1971), we held that, despite the declaration of a codefendant testifying for the State that he was agnostic, he was nonetheless competent to testify. The witness stated that he respected the idea of a God and that he was aware of the law against perjury, being conscious of the fact that he would be punished, if not hereafter, then here, for giving false testimony.

To the extent that it may be necessary to clarify the present rule in this State in cases where the competency of a witness is challanged on the grounds of defective religious beliefs, we quote with approval the following from C.J.S.:

"At common law, one who did not believe in the existence of a Supreme Being and consequently was under no apprehension of future punishment for his falsehood was incompetent to testify, but the constitutions or laws of most American states, if not all, have abolished religious tests as to the competency of witnesses, and *it is now generally held*

*that religious belief is not a test of the competency of a witness.* A belief in the inspired character of the Bible is not essential." (Emphasis added.)

97 C.J.S. Witnesses § 62 (1957).

We hold that it is not required of a trial judge to ask questions respecting a belief in God or His providence. As long as the challenged witness answers that he knows the difference between right and wrong, that it is right to tell the truth and wrong to lie, that he will tell the truth if permitted to testify, and that he fears being punished if he does lie, even if that fear is motivated solely by the perjury statute, he satisfies the requirement regarding "moral accountability". Under this rule it is not essential that a challenged witness state a belief in God or His providence before being allowed to testify. In the instant case it was not necessary for Tommy Sumter to state expressly that he believed in God. Nor was it incumbent upon the trial judge to inquire into such a belief. What was necessary was for Tommy to be aware of right and wrong and the probability of punishment for lying. Tommy stated that he believed that he would be punished if he lied (he believed he would be spanked). Furthermore, the court expressly found that Tommy did know the difference between right and wrong. There was, therefore, no abuse of discretion on the part of the trial court in allowing the witness' testimony.

The appellant's second exception concerns whether the evidence presented by the State was sufficient to support the verdict of guilty on the charge of murder. We deem without merit the appellant's argument that there was insufficient evidence and that the trial court erred in denying the appellant's motion, for directed verdict of acquittal and cite as authority for our position the following: *State v. Pauling,* 264 S. C. 275, 214 S. E. (2d) 326 (1975); *State v. Matarazzo,* 262 S. C. 662, 207 S. E. (2d) 93 (1974); *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918 (1954).

The appellant raises additional arguments in his brief concerning certain alleged errors in the court's instructions to the jury and in submitting the case on a charge of involuntary manslaughter. These questions are not raised by any exception as required by Rule 1 and Rule 4, § 6 of the rules of this Court. However, we have examined the record in light of these arguments and deem them to be without merit.

The judgment appealed from is

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.