### 22365

The STATE, Respondent, v. Carl BROWN, Sr., Appellant.
(334 S. E. (2d) 816)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, of S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Amie L. Clifford,* Columbia; and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Submitted July 18, 1985.

Decided Aug. 28, 1985.

*Per Curiam:*

Appellant was convicted of assault and battery with intent to commit first degree criminal sexual conduct. We affirm.

The victim's mother left her four-year-old daughter with appellant while she ran an errand. Upon returning, she looked through the window and observed her daughter with her pants pulled down to her ankles. Appellant was between the child's legs, with his pants unzipped and his penis exposed. The victim's mother immediately took the child to a physician.

The child did not testify at trial. Over defense counsel's objections, the court permitted the doctor to relate the full history as given by the child. The State asserted its purpose in eliciting the testimony from the doctor was to protect the child from having to testify. This was error.

This Court stated in *Gentry v. Watkins-Carolina Trucking Co.,* 249 S. C. 316, 154 S. E. (2d) 112 (1967), that the patient's history as told to the doctor was admissible *only* as information upon which the doctor relied in reaching his professional opinion. It is not admissible as substantive proof of the facts stated. When requested by any party, the judge should give an instruction on the limited use of the testimony.

In the present case, the doctor related the child's statement that "Mr. Carl" [appellant] performed certain sexual acts on her. Defense counsel objected on the basis that the perpetrator's identity was not necessary for diagnosis or treatment. The objection should have been sustained.

The perpetrator's identity would rarely, if ever, be a factor upon which the doctor relied in diagnosing or treating the victim. A doctor's testimony as to history should include only those facts related to him by the victim upon which he relied in reaching his medical conclusions. The doctor's testimony should never be used as a tool to prove facts properly proved by other witnesses.

In light of other testimony at trial, however, we believe the errors were harmless. The victim's mother identified appellant as the perpetrator. The doctor's erroneous testimony regarding appellant's identity was therefore cumulative. *State v. McFarlane,* 279 S. C. 327, 306 S. E. (2d) 611 (1983).

Appellant's remaining exceptions are without merit and are affirmed pursuant to Rule 23.

Affirmed.