22443

The STATE, Respondent, v. Sherry Lynn HILL, Appellant.

(339 S. E. (2d) 121)

Supreme Court

*Thomas A. McKinney,* Rock Hill, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr., Staff Atty. Amie L. Clifford,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

Heard Dec. 9, 1985.

Decided Jan. 13, 1986.

HARWELL, Justice:

Appellant was charged with the murder of Ricky Goodman. She was convicted of voluntary manslaughter and sentenced to fifteen years in prison. Due to the exclusion of certain proffered expert testimony, we reverse and remand.

Appellant contends that the trial court erred in excluding expert testimony on the "battered woman's syndrome." Appellant and the decedent (Goodman) began dating in 1981 and lived together sporadically until Goodman was killed in 1984. The relationship was marked by Goodman's increasing violence toward the appellant. A good deal of testimony centered around Goodman's verbal and physical abuse of the appellant. The appellant testified that she remained with Goodman in spite of the beatings because she loved him and

believed in him. She testified, however, that she was always afraid of Goodman when he was drinking.

On July 4, 1984, the appellant and Goodman went to a drag strip. Both had been drinking. According to appellant's testimony, Goodman began verbally and physically abusing her as they were driving home from the drag strip. Appellant said that she got out of the van and tried to run, but Goodman caught her. She stated that he pointed a pistol at her and pulled the trigger, but threw the gun down when it failed to fire. Goodman then threw her in the back of the van.

Appellant said that when they got home, Goodman carried her inside and started to abuse her again. He then told her that he was going to get something out of the van and either beat her or kill her when he got back. Appellant testified that she was afraid that Goodman had picked up the pistol after putting her in the van earlier that day and that he had gone to get it. Appellant got a rifle, went outside, and shot Goodman in the arm and head.

The State contended that appellant planned to kill Goodman during the ride from the drag strip, went straight to the rifle upon reaching the house, and then shot Goodman once by the front door and again as he was running away.

Appellant's theory at trial was self-defense. On several occasions, the State implied that Goodman's attacks on the appellant had not been very severe because she had not called the police, sought medical attention, or left Goodman. Appellant then proffered expert testimony on the battered woman's syndrome, contending that it was relevant to explain why a battered woman would repeatedly return to her abuser. The judge believed that the testimony was irrelevant and cumulative and therefore refused to allow it. The appellant contends that this evidence, which was relevant to her state of mind at the time of the shooting, was not within the understanding capabilities of the jury.

The central issue in this case is whether expert testimony about the battered woman's syndrome is admissible to help establish a claim of self-defense in a homicide case. The question is one of first impression in this state. We hold that the battered woman's syndrome is a proper subject for expert testimony. If the jury accepted the

appellant's version of what happened, that would make the proffered expert testimony not only relevant, but critical. Accordingly, we reverse and remand for a new trial.

The battered woman's syndrome has been defined as "a series of common characteristics that appear in women who are abused physically and psychologically over an extended period of time by the dominant male figure in their lives." *State v. Kelly*, 97 N. J. 178, 193, 478 A. (2d) 364, 371 (1984). The issue of whether to allow expert testimony on this syndrome has been addressed by an increasing number of courts in recent years. Many of these courts have held, in accordance with the emerging trend, that the testimony is relevant to the issue of self-defense and highly probative of the defendant's state of mind at the time of the incident. *See People v. Torres*, 128 Misc. (2d) 129, 488 N.Y.S. (2d) 358 (N. Y. Sup. Ct. 1985); *Terry v. State*, 467 So. (2d) 761 (Fla. Dist. Ct. App. 1985); *State v. Kelly, supra* (in-depth examination of the development and theory of the battered woman's syndrome); *Smith v. State*, 247 Ga. 612, 277 S. E. (2d) 678 (1981).

The qualification of a witness as an expert is largely within the sound discretion of the trial judge. *State v. Caldwell*, 283 S. C. 350, 322 S. E. (2d) 662 (1984); *State v. Cunningham*, 275 S. C. 189, 268 S. E. (2d) 289 (1980). On remand, the judge must determine if the witness qualifies as an expert. If the judge finds that she does, then her testimony should be admitted because, as we have determined, it is clearly relevant. It is important to note that this Court is not recognizing the battered woman's syndrome as a separate defense. The only issue addressed in this decision is the relevance of this testimony to a claim of self-defense.

It is not necessary to rule upon the other exceptions set forth in this appeal.

Reversed and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.