22763

The STATE, Respondent v. Michael Lee HUDNALL, Appellant.
(359 S. E. (2d) 59)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Charles M. Condon,* Charleston, *for respondent.*

Heard June 10, 1987.

Decided Aug. 3, 1987.

GREGORY, Justice:

Appellant was convicted of two counts of first degree criminal sexual conduct and sentenced to two concurrent twelve-year terms. We reverse.

The victim in this case is appellant's three-year-old daughter by his former wife, Frances Hudnall. The sexual abuse was reported by Mrs. Hudnall following a bitter domestic dispute that ultimately ended her marriage to appellant. Mrs. Hudnall contacted a domestic relations lawyer regarding the alleged incident but she did not take the child for a medical examination until the Department of Social

Services became involved in the case. The medical examination revealed no physical abnormalities to corroborate the allegations.

Because the victim was three years old at the time of trial, her testimony was taken by videotaped deposition. See S. C. Code Ann. § 16-3-1530(G) (1985). Appellant contests his daughter's competency to testify and claims the trial judge erred in qualifying her on the basis of the videotaped competency examination. We agree.

Qualification of a witness is within the trial judge's discretion and his ruling will be reversed only for an abuse thereof. *State v. Hardee*, 279 S. C. 409, 308 S. E. (2d) 521 (1983); *State v. Green*, 267 S. C. 599, 230 S. E. (2d) 618 (1976). The test to determine a minor's competence to testify is whether the child is aware of right and wrong and understands the probability of punishment for lying. *State v. Green, supra.*

Upon viewing the videotape of the child's competency examination, we are convinced this child could not be held morally accountable for telling a lie. Her responses to questioning indicate she is incapable of distinguishing right from wrong, truth from falsehood, or reality from make-believe. We find the trial judge abused his discretion in qualifying this witness.

Moreover, the trial judge should have presided during the competency examination of a witness of such tender years rather than determine her competence merely upon a viewing of the videotape. A judge's presence lends a courtroom-like atmosphere to better evaluate the witness's ability to appreciate the consequences of his or her testimony. The unstructured manner in which the examination here was conducted and the poor technical quality of this videotape provided an inadequate substitute upon which to find the witness competent.

Next, appellant contests the admissibility of certain expert testimony. Dr. Schuh, a pediatrician, testified over appellant's objection regarding common characteristics exhibited by child victims of sexual abuse including nightmares, masturbation, and sexual behavior with others. Appellant contests the use of this evidence because it had no probative value to establish an element of the crime.

The evidence in question is similar to the battered woman's syndrome evidence we recently held admissible in *State v. Hill*, 287 S. C. 398, 339 S. E. (2d) 121 (1986). This case, however, is distinguishable from *Hill* because here the evidence was introduced to show whether in fact the crime had occurred. In *Hill*, the battered woman's syndrome evidence was offered merely to explain the psychological feasibility of the defendant's claim of self-defense in the face of her seemingly inconsistent behavior in remaining with a man who repeatedly abused her. We held evidence of the battered woman's syndrome is relevant to the defendant's state of mind but does not constitute a defense in itself.

Cases from other jurisdictions are consistent with this distinction in admitting or refusing evidence of this type. In *People v. Bledsoe*, 36 Cal. (3d) 236, 203 Cal.Rptr. 450, 681 P. (2d) 291 (1984), the court held expert testimony regarding rape trauma syndrome inadmissible because it was used not to rebut misconceptions about the behavior of a rape victim but to show that the rape had in fact occurred. The court concluded this evidence was not reliable to prove the crime of rape because the indicators of rape trauma syndrome were not devised to determine the truth of the events related by the victim but were intended merely to identify emotional problems. *See also People v. Pullins*, 145 Mich.App. 414, 378 N. W. (2d) 502 (1985) (rape trauma syndrome not reliable scientific evidence); *Lantrip v. Commonwealth*, 713 S. W. (2d) 816 (Ky. 1986) (sexual abuse accommodation syndrome not reliable to prove abuse occurred). Courts that have admitted the type of syndrome evidence at issue here have typically allowed it only to explain a child victim's post-trauma behavior as a common reaction to sexual abuse where it would otherwise appear impeaching, for instance if there is a retraction of the allegations or a delay in reporting the abuse. *See Smith v. State*, 100 Nev. 570, 688 P. (2d) 326 (1984); *State v. Dale*, 75 Or.App. 453, 706 P. (2d) 1009 (1985); *State v. Middleton*, 294 Or. 427, 657 P. (2d) 1215 (1983).

In this case, the evidence was admitted to bolster the child's testimony that the crime had in fact occurred and was not offered to explain any seemingly inconsistent response to the trauma. We find admission of this irrelevant and prejudicial expert testimony was error which could not

have been harmless in view of the paucity of evidence against appellant.

Dr. Schuh also testified over appellant's objection ■ regarding the victim's description of the alleged acts committed by appellant. Appellant complains this hearsay testimony was inadmissible to establish the perpetrator's identity. We agree.

A doctor's testimony regarding a patient's history is ■ admissible only insofar as it relates facts given by the patient upon which the doctor relied in reaching his medical conclusions. *State v. Brown*, 286 S. C. 445, 334 S. E. (2d) 816 (1985). It was error to allow Dr. Schuh's testimony regarding appellant's identity as the perpetrator. In view of our finding that the victim's testimony was not competent evidence, Dr. Schuh's testimony could not be merely cumulative.

Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. *See State v. Cooper*, 291 S. C. 351, 353 S. E. (2d) 451 (1987) (use of videotaped testimony upheld against constitutional challenge). Appellant has not contested the sufficiency of the evidence in this case and a new trial is the only relief requested. Accordingly, the judgment of the Circuit Court is reversed and the case is remanded for a new trial.

Reversed and remanded.

NESS, C. J., HARWELL, FINNEY, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.