22770

The STATE, Respondent v. Gregory Phillip CAMELE, Appellant.
(360 S. E. (2d) 307)

Supreme Court

*Chief Atty. William Isaac Diggs*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant*.

*Atty. Gen. T. Travis Medlock, Asst Attys. Gen. Harold M. Coombs, Jr.*, and *Amie L. Clifford*, Columbia, and *Sol. Donald V. Myers*, Lexington, *for respondent*.

Heard June 12, 1987.

Decided Aug. 24, 1987.

FINNEY, Justice:

Appellant Gregory Phillip Camele was convicted of two counts of first degree criminal sexual conduct upon a minor and one count of committing or attempting to commit a lewd act upon a minor, his three year old son. Appellant was sentenced to two concurrent thirty-year terms of imprisonment. We reverse and remand for a new trial.

On March 22 and 23, 1985, the child victim had been visiting the appellant pursuant to a visitation arrangement between appellant and his former spouse, Anita Minden. Approximately two days after the victim returned to his mother, she noticed behavioral changes in the child which caused her to seek medical assistance. Medical evidence indicated that the minor had been sexually molested. Appellant denies sexually abusing his son.

First, appellant argues that the trial court erred in allowing the minor's videotaped deposition into evidence and in concluding that the child was a compe-

tent witness without first viewing the tape. The testimony of a child victim (witness) deserving special consideration may be videotaped. *See,* S. C. Code Ann. § 16-3-1530(G) (1985); *State v. Hudnall,* 293 S. C. 97, 359 S. E. (2d) 59 (1987); and *State v. Cooper,* 291 S. C. 351, 353 S. E. (2d) 451 (1987). Even in cases involving videotaped depositions, a trial judge should make a judicial determination of competency through his *personal observations* of a witness while that witness is being questioned.[1] *State v. Hudnall, supra; State v. Shaw,* 293 N. C. 616, 239 S. E. (2d) 439 (1977); *State v. Green,* 267 S. C. 599, 230 S. E. (2d) 618 (1976). *See also, S. C. Dept. of Social Services v. John Doe,* 292 S. C. 211, 355 S. E. (2d) 543 (Ct. App. 1987).

In the instant case, the trial court concluded that the videotape was admissible and that the victim was a competent witness solely upon the Assistant Solicitor's assertions. Surely, statements from advocates for either party in a judicial proceeding evaluating a witness' competency cannot substitute for a trial judge's personal observations of a person's capacity to be a competent witness. *State v. Shaw, supra,* and *State v. Green, supra.* In our view, the trial judge abused his discretion by failing to view the videotaped deposition before admitting it into evidence. We further conclude that the trial judge erred in making a competency determination[2] based upon the Assistant Solicitor's representations, rather than upon his personal observations.

Second, appellant argues that the trial court erred when it allowed the state's expert witness, Dr. Martha Chesire, to testify about the victim's statements made to her during the medical examination. A physician's testimony as to a patient's history should only include those

---

[1] In *State v. Hudnall, supra,* this Court held that a trial judge should preside during a competency examination of a witness of tender years because his presence creates a courtroom atmosphere which enhances a judge's perception of the witness' competency, reliability and credibility.

[2] We decline to rule on appellant's exception alleging the trial court erred in declaring the victim a competent witness. In our view, a competency determination by this court at the present time under the facts of this case would be premature. Qualification of the victim as a competent witness may properly be made by the trial judge upon retrial. *See, State v. Hudnall, supra; State v. Shaw,* 239 S. E. (2d) 439; and *State v. Green,* 230 S. E. (2d) 618.

statements related to him by the patient upon which the physician relied in reaching medical conclusions. *See, State v. Hudnall, supra;* and *State v. Brown,* 286 S. C. 445, 334 S. E. (2d) 816 (1985). Dr. Chesire testified that the victim stated that the appellant had performed fellatio upon him. We find error in the admission of Dr. Chesire's testimony because the statement implicating the appellant did not assist in her finding that the child had been sexually abused. *Id.*

Similarly, Dr. Chesire's recitation of the victim's statement that neither his mother nor stepfather sexually assaulted him is inadmissible. This statement could not conceivably have assisted in the doctor's finding that the child had been sexually abused. *See, State v. Brown, supra.* In our opinion, this testimony was elicited solely to establish the perpetrator's identity, which would rarely, if ever, be a factor upon which a physician would rely in treating a patient. *State v. Hudnall, supra.*

Based upon the foregoing conclusions, it is unnecessary that we address appellant's remaining exceptions. This case is reversed and remanded for a new trial.

Reversed and remanded.

NESS. C. J. and GREGORY, HARWELL and CHANDLER, JJ., concur.