2289

The STATE, Respondent v. Ernest Roy TROTTER, Appellant.
(453 S.E. (201) 905)

Court of Appeals

*L. Michael Mills,* Lexington; and *SC Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty G. Thomas Chase,* Columbia; and *Sol. Donald V. Myers,* Lexington, *for respondent.*

Heard Nov. 2, 1994.

Decided Jan. 9, 1995; Reh. Den. Feb. 23, 1995.

SHAW, Judge:

Ernest Roy Trotter was convicted of multiple offenses involving sexual battery upon his daughter over a twenty-two-year period. He appeals, claiming the trial judge erred in admitting the testimony of a rape crisis counselor who counseled the victim. We affirm.

## I.

Trotter first argues the prosecution violated Rule 5, SCRCrimP, in not disclosing that it planned to present the testimony of Martha Busterna, a rape crisis counselor. Trotter claims the trial judge erred in failing to exclude Busterna's testimony. We disagree.

Rule 5(a)(1)(D), SCRCrimP, provides:

Reports of Examination and Tests. Upon request of a defendant the prosecution shall permit the defendant to inspect and copy any *results or reports of physical or mental examinations,* and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the prosecution, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the prosecution, and which are material to the preparation of the defense or are intended for use by the prosecution as evidence in chief at the trial. (Emphasis added.)

Rule (5)(e)(4), SCRCrimP, provides:

Failure to Disclose. If either party fails to comply with the requirements of this rule, the court *may* exclude the testimony of any undisclosed witness offered by either

party. Nothing in this rule shall limit the right of the defendant to testify on his own behalf. (Emphasis added.)

We find there was a technical violation of Rule 5. While we do not approve of this type of trial method, the record shows no prejudice to appellant. The trial judge limited Busterna's testimony to explanation of behavior which appeared inconsistent with the fact of the abuse. The judge was careful to try to avoid direct bolstering of the victim's testimony,[1] and at defense counsel's request and without objection, the judge gave the jury a limiting instruction in that regard.[2] Hence, the judge effectively excluded testimony of "any results or reports" of Busterna's interaction with this victim. In fact, a review of the record shows Busterna testified as an expert wit-

---

[1] The trial judge relied upon *State v. Hudnall*, 293 S.C. 97, 359 S.E. (2d) 59 (1987) and *State v. Rogers*, 293 S.C. 505, 362 S.E. (2d) 7 (1987) in making his ruling. In *State v. Schumpert*, 312 S.C. 502, 435 S.E. (2d) 859 (1993), the Supreme Court noted that in *Hudnall*, it help expert testimony regarding common behavioral characteristics exhibited by child victims of sexual abuse was not admissible to establish abuse had occurred. The Court stated that under *Hudnall*, the evidence was admissible only to rebut a defense claim that the victim's response was inconsistent with such trauma. The court added:

In *State v. Alexander*, 303 S.C. 377, 401 S.E. (2d) 146 (1991), however, we held trauma testimony of a rape victim is relevant to prove the elements of criminal sexual conduct since such evidence makes it more or less probable that the offense occurred. We further held such evidence admissible where its probative value outweighs its prejudicial effect. *Id.* We now expressly overrule *State v. Hudnall* to the extent it is inconsistent with *State v. Alexander* and clarify that both expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred where the probative value of such evidence outweighs its prejudicial effect. We find the probative value of the rape trauma evidence in this case outweighs its prejudicial effect and therefore hold it was properly admitted.

*Id.*, 435 S.E. (2d) at 861-862. The Supreme Court also overruled *State v. Bradley*, 293 S.C. 526, 362 S.E. (2d) 19 (1987) as well as *State v. Rogers* to the extent they are inconsistent with *Schumpert*. The trial in this case began July 13, 1993, or slightly more than one month before the *Schumpert* decision was published; hence, the trial judge did not have the benefit of *Schumpert* when he relied upon *Hudnall* and *Rogers*.

[2] The judge instructed the jury as follows:

[Busterna's] allowed to testify as to her opinion regarding the behavior, whether or not the behavior of the victim was consistent or inconsistent with others who she's treated. That's what it amounts to. So I want you to be very clear on this that she's not allowed to testify as to what her opinion is about whether something has occurred or hasn't occurred. She wasn't there and can't say, but she can give her opinion regarding the consistent or inconsistent behavior of the victim which she apparently has counseled.

ness and not as a counselor of the victim. Her testimony was general as to her opinion on whether or not the behavior of the victim was consistent with that of other victims that Busterna had treated.[3] She did not testify as to whether or not, in her opinion, the crime was committed. Nor did she testify to any information obtained in the counselling sessions that had not already been brought out in testimony before the court. Thus, Busterna's testimony was no different than if she had never counselled the victim, for she based her opinion, as an expert, on facts already elicited at trial. Accordingly, there was no prejudice to appellant by the State's failure to disclose the prosecution's intent to call Busterna.[4]

Rule 5(e)(4) provides the court "may" exclude the testimony of the undisclosed witness. Hence, the Rule vests the trial judge with discretion in making this decision.

The trial judge's limiting instruction regarding the nature of Busterna's testimony assured no prejudice would occur. Further, Trotter's counsel thoroughly cross-examined Busterna as well as the victim regarding the inconsistency between the accusations and the victim's behavior. Although Trotter argues he was disadvantaged since he was unable to provide his own expert as a counterpoint to Busterna's testimony, defense counsel was well aware of the prosecution's theory to which Busterna's testimony pertained (i.e., to explain the inconsistencies between the victim's behavior and her actions). In fact, the judge ruled the solicitor was using Busterna's testimony in response to cross-examination by Trotter's counsel who attacked the inconsistency between the

---

[3] The trial judge ruled Busterna was called in response to the defense's attack on the inconsistency between the victim's accusations and behavior.

[4] The thrust of Busterna's testimony was that it was not unusual or unreasonable for a victim of incest to behave the way the victim in this case behaved, that is, she failed to report the activity for twenty-two years and she failed to leave, in fact returning to the situation after becoming an adult. The victim testified she submitted to the control of her father initially through ignorance and later through fear for her own safety as well as the safety of her two younger sisters. Busterna did not testify that she examined the victim in an attempt to diagnose whether the abuse occurred, and she was not permitted to testify as to the results of her clinical observations; rather, in light of the limiting instruction the trial court gave the jury, Busterna merely testified that the victim's reaction to the abuse was not abnormal. Her testimony did not depend on her counselling sessions and, in fact, did not depend upon any contact with the victim at all.

victim's accusations and actions. Trotter's counsel could have presented his own expert to opine on those inconsistencies, regardless of whether the State presented such evidence.

Therefore, while we find a violation of Rule 5, SCRCrimP, and cannot sanction such trial practice, we find no prejudice under the facts of this case.

Trotter also argues the trial judge erred in allowing ■ the State on redirect to question Busterna regarding whether the victim's in-court testimony was consistent with what the victim told Busterna. Although Trotter's counsel objected at trial, the judge ruled, "Well the door was opened. I think it's a proper question at this point." Counsel did not challenge this ruling at trial or in the brief on appeal. *State v. Bailey*, 298 S.C. 1, 377 S.E.2d 581 (1989) (failure to raise an issue at trial waives the issue on appeal). Hence, we find no reversible error. *See Benton & Rhodes, Inc, v. Boden*, — S.C. —, 426 S.E. (2d) 823 (Ct. App. 1993) (there is no error in admitting evidence where the appellant opened the door to the evidence).

Trotter also argues the counselor's statements were in- ■ admissible hearsay. This point is raised for the first time on appeal, and is not preserved. *State v. Hoffman*, — S.C. —, 440 S.E. (2d) 869 (1994) (an issue which is not properly preserved cannot be raised for the first time on appeal).

Accordingly, the conviction is

Affirmed.

HOWELL, C.J., and GOOLSBY, J., concur.