### 24470

The STATE, Respondent v. Ernest Roy TROTTER, Petitioner.

(473 S.E. (2d) 452)

Supreme Court

---

*L. Michael Mills,* of Lexington; and *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,* and *Assistant Attorney General Caroline Callison Tiffin,* Columbia, and *Solicitor Donald V. Myers,* Lexington, *for respondent.*

Heard May 7, 1996.

Decided July 22, 1996.

MOORE, Justice:

Petitioner was convicted of several crimes relating to the sexual abuse of his daughter over a twenty-two-year period. We granted certiorari to review the Court of Appeals' opinion affirming the convictions. *State v. Trotter*, — S.C. —, 453 S.E. (2d) 905 (Ct. App. 1995). We affirm as modified herein.

## FACTS

At trial, the victim testified that petitioner sexually abused her from the time she was four years old until she was twenty-six-years old. She testified that following her parents' divorce in 1982, she began to take on the role of mother and wife, and, at petitioner's urging, even began sharing a bed with petitioner. At one point, the victim had an abortion after she became pregnant by petitioner.

The victim testified that she tried to leave a number of times but that petitioner would either come and find her or beg and cry for her to stay. The victim stated that she returned to petitioner each time out of fear for herself and fear for her two younger sisters who visited on weekends. The victim never told anyone about the abuse until she was twenty-three-years old, at which time she told a friend at work. She finally contacted law enforcement authorities when she was twenty-six years of age.

On cross-examination, defense counsel focused on the inconsistencies between the victim's behavior and her allegations of sexual abuse. He questioned her as to why she remained with petitioner, why she did not report the sexual abuse earlier, why she praised petitioner to others, and why she felt that she needed to protect her siblings.

As a result of that cross-examination, the solicitor sought to call Martha Busterna, a rape crisis counselor who had counseled the victim, as an expert witness to testify that the victim's behavior was consistent with that of an incest victim. Defense counsel objected to Busterna being called because the solicitor had not notified the defense prior to trial that Busterna would be used as a witness. Defense counsel argued that Busterna should have been disclosed as a possible witness in response to his Rule 5, SCRCrimP, motion which, among other things, asked for the results or reports of any physical or mental examinations pursuant to subsection (a)(1)(D). Defense counsel maintained that if he had known

such reports existed, it would have assisted him in preparing a defense because he could have effectively cross-examined Busterna and could possible have found a rebuttal witness. Finally, defense counsel argued that the solicitor was attempting to use Busterna in his case-in-chief and defense counsel requested a continuance or an order excluding her from testifying on that basis.

The trial judge found there had not been a violation of Rule 5(a)(1)(D) since Busterna had not examined the victim and she had not prepared any reports. He also found that the solicitor was not required to disclose that he planned to call Busterna as a witness since Busterna could not be used in the case-in-chief to prove the crime, and was being called only in response to defense counsel's questioning about the inconsistencies in the victim's behavior and her allegations of sexual abuse.[1] Accordingly, the trial judge allowed the solicitor to call Busterna as a witness, but limited his examination to questions regarding whether the inconsistencies were common in incest victims.

Busterna testified that the victim had come into her office over thirty-five times for individual counseling sessions, and eleven times for group sessions. Busterna testified that the victim's behavior was consistent with the patterns of other incest survivors she had counseled.

On appeal, petitioner argued that the trial judge erred in failing to exclude Busterna's testimony because the State did not make petitioner aware, in response to petitioner's Rule 5 motion, of Busterna's mental examination of the victim. The Court of Appeals found there was a "technical violation" of Rule 5, but petitioner had not suffered any prejudice because the precautions taken by the trial judge effectively excluded testimony of "any results or reports" of Busterna's interaction with the victim. The Court of Appeals also found that defense

---

[1] At the time of this trial, expert testimony regarding common behavioral characteristics exhibited by child victims of sexual abuse was not admissible as evidence in chief to establish that abuse had occurred, but was admissible only to rebut a defense claim that the victim's response was inconsistent with such trauma. *State v. Hudnall*, 293 S.C. 97, 359 S.E. (2d) 59 (1987). Shortly thereafter, this Court ruled in *State v. Schumpert*, 312 S.C. 502, 435 S.E. (2d) 859 (1993), that both expert testimony and behavioral evidence are admissible as rape trauma evidence to prove a sexual offense occurred where the probative value of such evidence outweighs its prejudicial effect.

counsel was well aware of the prosecution's theory to which Busterna's testimony pertained (i.e., to explain the inconsistencies between the victim's behavior and her allegations) and could have presented his own expert to opine on those inconsistencies regardless of whether the solicitor presented such evidence.

## ISSUE

Did the trial judge err in finding there was no Rule 5 violation?

## DISCUSSION

Petitioner asserts that the trial judge's decision not to exclude Busterna's testimony was in error in that he was not properly notified of a "physical or mental examination" in a timely manner as required by Rule 5(a)(1)(D). Petitioner argues that "observations" made during Busterna's counseling sessions with the victim amounted to an examination, the "examination" was the whole basis for Busterna's testimony, and the fact that there had been an "examination" should have been disclosed in a timely manner. Petitioner also contends that the Court of Appeals erred in finding that petitioner was not prejudiced by the State's failure to disclose the existence of an examination.

We find there was no violation of Rule 5(a)(1)(D); therefore, there is no need to address petitioner's prejudice argument. First, Rule 5(a)(1)(D) does not require the prosecution to disclose the fact that there has been an examination, as petitioner seems to argue, but requires the prosecution to permit the defendant to inspect and copy any *results or reports* of physical or mental examinations which are generated as a result of any such examination. In this case, there was no physical or mental examination and no results or reports were generated.

Busterna specifically stated that no physical or mental examinations were performed on the victim. Busterna stated that she gives only supportive counseling and does not give examinations. She stated that she simply had notes as to what was said and what took place during the counseling sessions.

In *State v. Roy,* 194 W.Va. 276, 460 S.E. (2d) 277 (1995), the West Virginia Supreme Court was faced with an almost iden-

tical situation. That Court held counseling notes, such as the ones in the case at hand, were not results or reports of physical or mental examinations, but merely notes made during a counseling session, and as such, the prosecution was not required to produce them. They also found it significant that the role of a licensed counselor is not to investigate crimes or the occurrence in question. Rather, the primary purpose of the counseling is to help the client or victim understand and resolve her feelings about events; therefore, as a practical matter, the counselor's notes are usually not likely to result in the disclosure of any material useful to the accused.

We agree that counseling sessions such as the ones in ▆▆ this case do not constitute physical or mental examinations. Even if they did, *notes* made from these examinations would not be subject to disclosure under Rule 5(a)(1)(D). A medical report is an official statement of facts concerning a patient's condition; a medical result is a conclusion derived from facts gleaned during an examination. *United States v. Dennison,* 937 F. (2d) 559 (10th Cir. 1991); *see also United States v. Inglesias,* 881 F. (2d) 1519 (9th Cir. 1989), *cert. denied,* 493 U.S. 1088, 110 S.Ct. 1154, 107 L.Ed. (2d) 1057 (1990). There is nothing in the language of the rule that requires the prosecution to produce an expert's *notes* of an examination. *United States v. Marenghi,* 893 F. Supp. 85 (D. Me. 1995). The notes taken during an interview, particularly a mental examination, are merely the raw data from which the expert may later draw the conclusions that are noted in a report or test result. *Id.*[2] Accordingly, we conclude there was no violation of Rule 5(a)(1)(D) in this case.

However, even if the solicitor had failed to comply with Rule 5(a)(1)(D), the trial judge offered the proper remedy. Rule 5(d)(2), SCRCrimP, states that if a party fails to comply with Rule 5, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing the undisclosed evidence, or it may enter such other order as it deems just under the circumstances.[3]

---

[2] The federal court in each of these cases is interpreting Rule 16, FRCrimP, the equivalent of Rule 5, SCRCrimP.

[3] In its opinion, the Court of Appeals quotes Rule 5(e)(4), SCRCrimP, as the section of the rule which addresses failure to comply with, or disclose material pursuant to, Rule 5(a)(1)(D); however, Rule 5(e)(4) applies only to notice of an

Prior to the trial judge's ruling on the Rule 5 issue, defense counsel requested an order allowing him to subpoena Busterna to return at a later time with the notes from the counseling sessions so that he could question her further. The trial judge stated that he did not see any problem in allowing defense counsel to get the records, review them and see if he needed to call her again as a witness at that time. The trial judge cautioned defense counsel, however, that although he had limited the solicitor to questioning Busterna about behavioral characteristics of incest victims in general, if defense counsel questioned Busterna regarding the counseling sessions specifically, the solicitor would be allowed to get into that as well. The trial judge then stated once again that he would get Busterna's notes for defense counsel. Defense counsel did not respond. Inasmuch as petitioner was granted the relief he sought, but failed to take advantage of it, there was actually no issue to be decided on appeal. *State v. Sinclair*, 275 S.C. 608, 274 S.E (2d) 411 (1981).

For the foregoing reasons, the Court of Appeals' opinion is AFFIRMED AS MODIFIED.

TOAL, Acting C.J., WALLER and BURNETT, JJ., and GEORGE T. GREGORY, JR., Acting Associate Justice, concur.

---

alibi defense. Alibi is not involved in this case. Accordingly, Rule 5(d)(2) is applicable in this instance.