THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
In the Interest of: Justin B., a minor under the age of seventeen 
 years,        Appellant.
 
 
 

Appeal From Bamberg County
Dale Moore Gable, Family Court Judge

Unpublished Opinion No. 2004-UP-237
Heard March 24, 2004  Filed April 
 6, 2004

REVERSED AND REMANDED

 
 
 
Acting Chief Attorney Joseph L. Savitz, III, of the South 
 Carolina Office of Appellate Defense, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor 
 Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  The family court adjudicated 
 Justin B., a minor under the age of seventeen, delinquent, finding he had committed 
 first-degree criminal sexual conduct.  The court later reduced the offense to 
 assault and battery of a high and aggravated nature and committed the juvenile 
 to the South Carolina Department of Juvenile Justice for an indeterminate period, 
 not to exceed the juveniles twenty-first birthday.  The juvenile contends the 
 court erred when it found the four-year-old victim competent to testify.  We 
 reverse and remand.
This action began upon the filing of 
 a juvenile petition in which the juvenile is alleged to have committed first-degree 
 criminal sexual conduct on a two-year-old male [1] in violation of S.C. Code Ann. § 
 16-3-655(1) (1976 as amended) by having the two-year-old child perform fellatio.  
 At the hearing, when the state called the child, then four years old, to 
 the witness stand, the following occurred:

THE COURT:  Good morning.
THE WITNESS:  Good morning.
THE COURT:  What is your name?
THE WITNESS: [The witness responds with his name.]
THE COURT:  . . . [I]n just a minute, some of these folks 
 are going to ask you some questions.  This man right here might ask you some 
 questions, and this man right here might ask you some questions.  Can you answer 
 their questions for me?  Tell me yes or no.  Are you going to answer their questions?
THE WITNESS:  Yes.
THE COURT:  Now, . . . I am the Judge in this case.  Do you 
 understand that?
THE WITNESS:  Yeah.
THE COURT:  Good.  You can talk good and loud.  Now, when 
 these gentlemen ask you a question, I want you to tell them the truth.  Do you 
 understand that?
THE WITNESS:  Yes.
THE COURT:  Do you know what the truth is?  See that lady 
 over there, when you say yes or no, it comes through on this microphone. Stand 
 up there closer to the microphone.  Now, say yes, for me one time.
THE WITNESS:  Yes.
THE COURT:  Did you hear how good it comes through the microphone?  
 When I ask you questions, I want you to say the answer into the microphone, 
 okay?  Can you do that?  Are you going to tell these men the truth?
THE WITNESS:  I dont know.
THE COURT:  Oh, you dont know now?  A while ago you told 
 me you were going to tell me the truth.  Lets see if we can try to get through 
 this.  They are going to ask you some questions, and I want you to tell them 
 the truth, okay?  Do you understand what the truth is?
THE WITNESS:  (Nods head.)
THE COURT:  Do you understand what a lie is?
THE WITNESS:  Yes.
THE COURT:  Okay.  I am going to let yall start with the 
 questions.  I am not going to make any ruling at this point in time.  I will 
 let him go through with the questions.  He told me he understands what telling 
 the truth is and not telling the truth is.  The main thing is, he needs to just 
 answer the question.  And we will note for the record when he nods his head 
 and when he shakes his head.
MR. WILSON:  Your Honor, will we be allowed, very brief [sic] 
 to question him on competency?
THE COURT:  Yes, I will let you do that.
BY MR. WILSON:
Q.  . . . What is your real name?
A.  [Name given.]
Q.  How old are you . . . ?
A.  Four years old.
Q.    Four years old now?  Are you in school yet?
A.    Uh-huh.
Q.    Where are you in school?
A.    [Supplies name.]
Q.    [Name of school]?  Is that what you said, [name of school]?  
 Do you remember your teachers name?  What is your teachers name?
A.  [Supplies name.]
Q.  What is your mamas name?
A.  [Supplies name.]
Q.  Do you live with your mama?
A.  (Nods head.)
Q.  Does anybody else live in the house 
 with you?
A.  Yes.
Q.  Who else?
A.  My daddy.
Q.  What is his name?
A.  Dad-Dad.
Q.  Do you know what the truth is . . 
 . ?
A.  Yeah.
Q.  Do you know what a lie is?  Can you tell me what you 
 think a lie is?
A.  That you dig up dirt.
Q.  Can you say that again for me?
A.  That you dig up dirt.
Q.  That you dig up dirt, thats a lie?  Do you know what 
 happens if you tell the truth?  What happens if you tell the truth?
A.  You get a beating.
Q.  You get a beating?  And what happens if you tell a lie?
A.  You get a beating.
MR. WILSON:     Thats all I have, your Honor.
THE SOLICITOR:  No questions.

The trial court held the child competent 
 to testify, remarking:

THE COURT:  All right.  Mr. Wilson, I am going to let him 
 testify.  I understand he answers one of your questions that he might get a 
 beating if he tells the truth.  But prior to that, you had asked him a question 
 about lying, and he said, Dig up dirt.  And you asked him what happens if 
 he tells the truth, and you changed it.  I am going to go ahead and let him 
 testify.

We understand that the qualification of a witness 
 is within the trial courts discretion and that a trial courts ruling will 
 be reversed only for an abuse thereof.  State v. Hudnall, 293 S.C. 97, 
 359 S.E.2d 59 (1987), overruled on other grounds 
 by State v. Schumpert, 312 S.C. 502, 435 S.E.2d 859 (1993).  We 
 are also aware that, under Rule 601(a), SCRE, [e]very person is competent to 
 be a witness except as otherwise provided by statute or these rules; however, 
 Rule 601(b)(2), SCRE, provides, A person is disqualified to be a witness if 
 the court determines that . . . the proposed witness is incapable of understanding 
 the duty of a witness to tell the truth.  
We think the Rule 601(b)(2) exception to the presumption 
 of competency applies here and hold the family court committed reversible error 
 in finding the child competent to testify.  Like the supreme court was in Hudnall, 
 we are convinced this child could not be held morally accountable for telling 
 a lie.  Hudnall, 293 S.C. at 99, 359 S.E.2d at 61.  A lie is not, as 
 the child defined it, digging up dirt, for the truth may be found in dirt 
 just as well.  Notably absent from the record is any demonstration that the 
 child understood the difference between lying and telling the truth. 
As to the childs answering You get a beating 
 to the question What happens if you tell the truth, the child was twice 
 asked the question before he answered.  Although the inquiry turned from telling 
 a lie to telling the truth, there was nothing confusing or misleading about 
 this rather simple, straightforward question.  Particularly troubling, the child 
 gave the identical answer to the question of [W]hat happens if you tell a lie?  
 We think the same response by the child to questions about what happens when 
 you tell a lie and when you tell the truth and his defining a lie as digging 
 up dirt demonstrated the child did not understand the duty to tell the truth.  
 See State v. Needs, 333 S.C. 134, 143, 508 S.E.2d 857, 861 (1998) 
 (A proposed witness understands the duty to tell the truth when he states that 
 he knows that it is right to tell the truth and wrong to lie, that he will tell 
 the truth if permitted to testify, and that he fears punishment if he does lie 
 . . . .). 
 REVERSED AND REMANDED. 
GOOLSBY, HOWARD, and KITTREDGE, JJ., 
 concur.

 
 
 [1]   Testimony at the hearing indicated, and the family court so 
 found, the victim was three years old at the time the petition alleges the 
 incident happened.  The record does not show the age of the juvenile.