THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 
 Demarcus
 Simuel, Petitioner,
 
 
 
 
 

v.

 
 
 
 
 State of South Carolina, Respondent.
 
 
 
 
 

ON WRIT OF CERTIORARI

Appeal From Union County
Lee S. Alford, Trial Judge
James R. Barber, Post-Conviction Judge

Memorandum Opinion No. 2011-MO-007
 Submitted March 1, 2011  Filed March 7,
2011 

AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, South Carolina Commission on
 Indigent Defense, Division of Appellate Defense, of Columbia, for Petitioner.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Ashley McMahan, all of the Office of the Attorney General, of
 Columbia, for Respondent.
 
 
 

PER CURIAM:  Petitioner was convicted of possession with intent to distribute
 crack cocaine, third offense.  He was sentenced to imprisonment for twelve
 years.  No direct appeal was taken.
Petitioner filed
 an application for post-conviction relief (PCR) seeking a belated direct appeal,
 which was denied following a hearing.  This Court granted petitioner's petition
 for a writ of certiorari and reversed the PCR judge's determination that
 petitioner was not entitled to a belated direct appeal.  Simuel v. State,
 390 S.C. 267, 701 S.E.2d 738 (2010).  The parties have now briefed the direct
 appeal issue.  
We affirm
 pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Landon, 370 S.C. 103, 634 S.E.2d 660 (2006)
 (holding a violation of Rule 5, SCRCrimP, is not reversible unless prejudice is
 shown); State v. Trotter, 322 S.C. 537, 473 S.E.2d 452 (1996) (holding
 the proper remedy when a party fails to comply with Rule 5 is to permit the
 discovery or inspection, grant a continuance, or prohibit the party from
 introducing the undisclosed evidence, or such other order as it deems just
 under the circumstances); State v. Salisbury, 330 S.C. 250, 498 S.E.2d
 655 (Ct. App. 1998) (holding the denial of a motion to suppress evidence based
 on a Rule 5 violation is within the discretion of the trial judge and will not
 be disturbed absent an abuse of discretion); State v. Stahlnecker, 386
 S.C. 609, 690 S.E.2d 565 (2010) ("For an issue to be properly preserved it
 has to be raised to and ruled on by the trial court."). 
AFFIRMED.  
TOAL, C.J.,
 PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.