BOYER, Judge.
Appellant seeks reversal of an adverse judgment and resulting sentence following a jury trial at which the jury returned a verdict of guilty of manslaughter.
In September of 1975 at 1:00 in the morning a collision occurred at an intersection in a residential area of Gainesville. Appellant and one Alderman were in a borrowed Dodge Demon. The other vehicle involved in the accident was driven by the deceased, George Welsch. There were no eyewitnesses to the accident. There was a dispute between appellant and Alderman as to who was driving the Dodge at the time of the accident. Appellant claimed that Alderman was driving while Alderman testified that appellant was driving. After the accident appellant was found in the back seat on the right side and Alderman was in the front seat on the right side. Alderman testified at the trial that appellant had planned to take the car out on Newberry Road and “do it in the top” or “floor it”. He further testified that appellant turned North onto Northwest 18th Street and at the first intersection turned the car’s “lights off to see if lights were coming in the opposite direction”; that as they approached the second intersection Alderman saw a car coming from the East and yelled appellant’s name; that when they went through the first intersection they were traveling approximately 20 miles per hour and that when they went through the second intersection the Dodge was traveling at least 50 or 60 miles per hour. Alderman testified that he did not know whether or not appellant had turned his lights back on and further that to Alderman’s knowledge appellant never applied his brakes. Alderman admitted that he had told a police officer, Mike Barber, after the accident that he (Alderman) was the driver of the vehicle and that he had told others the same thing the next day in the hospital. Testimony was adduced from police officers and an F.B.I. agent that on the basis of hair specimens and fingerprints appellant was the driver. There was testimony that appellant and Alderman had drank beer earlier in the evening but there was no testimony that either was intoxicated.
At trial, appellant’s attorney was not allowed to elicit testimony from police officer Barber as to Alderman’s statements to him that he (Alderman) was the driver of the car at the time of the accident; the trial judge sustaining an objection to that testimony on the basis that it was hearsay. Neither was appellant allowed the benefit of testimony sought to be adduced from one David Boercker, who was called as an ex *458 pert witness to testify as to the direction that the respective vehicles would move after the collision and the direction that bodies in the vehicles would move in relation to the vehicles they were in. The learned trial judge rejected Mr. Boercker’s testimony. At the conclusion of the state’s case and again at the conclusion of all the evidence appellant’s attorney moved for a judgment of acquittal on the basis that the evidence was insufficient to prove culpable negligence. Both such motions were denied.
Three points are raised on this appeal, the first being appellant’s contention that the evidence was insufficient as a matter of law to prove appellant guilty of culpable negligence and therefore guilty of manslaughter. No useful purpose will be achieved by a lengthy recitation of the evidence adduced in this case nor a discussion of the many cases discussing manslaughter committed by the culpably negligent operation of an automobile. Suffice to say that our review of the record sub judice reveals sufficient evidence to sustain the jury’s verdict and the resulting judgment and sentence here appealed.
Appellant’s second point relates to the exclusion of the proffered testimony of Mr. Boercker as an expert witness. The testimony sought of him was of particular importance because of the conflict as to which of the two occupants were the driver of the Dodge automobile. The state emphasized that although Mr. Boercker had a Bachelor of Arts degree he did not hold a Doctorate and had never before testified in court. Neither are essential to his qualifications. There must always be a first time for everyone and extensive education is not necessarily a prerequisite to expertise. In order to qualify as an expert witness one needs only to have acquired such special knowledge of the subject matter of his testimony either by study or by practical experience that he can give the jury assistance and guidance in solving a problem to which their equipment of good judgment and average knowledge is inadequate. (See 13 Fla.Jur., Evidence, § 310, et seq.; Hosbein v. Silverstein, 358 So.2d 43 (Fla. 4th DCA 1978); Seibels, Bruce & Company v. Giddings, 264 So.2d 103 (Fla. 3rd DCA 1972) and Cromarty v. Ford Motor Co., 341 So.2d 507 (Fla.1976).) The record reveals that Mr. Boercker had a Bachelor of Arts degree in Physics and as a graduate student at the University of Florida had earned 180 credit hours of Physics toward his Doctorate degree and had co-authored a paper in Physics that had been published. The state also urges that there was insufficient evidence in the record of physical facts and circumstances upon which Mr. Boercker could have based his testimony. Although Mr. Boercker testified on the proffer of his testimony that such additional facts and circumstances would be helpful, he testified that they were not essential as a basis for the testimony sought to be elicited from him. We are of the view that the learned trial judge abused his discretion in rejecting Mr. Boercker as an expert witness.
The state also seeks comfort in this court’s opinion in Wright v. State, 348 So.2d 26 (Fla. 1st DCA 1977), certiorari denied, 353 So.2d 679 (Fla.1977). However, it may find no solace there. This court held in that decision only that the evidence there adduced from the expert witness was beyond his scope of expertise. Sub judice we neither accept nor reject the testimony sought to be adduced by Mr. Boercker but only hold that it was error not to permit him to testify.
Appellant’s third point relates to the rejection of the questions sought to be propounded on cross examination to police officer Barber concerning the statements made to him by the state’s witness Alderman as to which of the occupants was the driver of the Dodge automobile. That exclusion was error. (See Baker v. State, 336 So.2d 364 (Fla.1976).
REVERSED and REMANDED for a new trial.
McCORD, C. J., and MILLS, J., concur.