**Tanakorn V. ONWAN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 16, 1987.

Case Ordered Published on Denial of Rehearing March 6, 1987.

Russell J. Baldani and Jennifer Fletcher, Fayette County Legal Aid, Inc., Lexington, for appellant.

David L. Armstrong, Atty. Gen., C. Lloyd Vest II, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, GUDGEL and McDONALD, JJ.

COMBS, Judge.

This is an appeal from the conviction of appellant in Fayette Circuit Court of three counts of first-degree sexual abuse, and of being a first-degree persistent felony offender.

Appellant first assigns as error that the trial court substantially prejudiced his case by allowing a gynecologist to testify as to her conclusions about what caused abrasions and tears within the victim's hymen and vaginal area following her observation of the victim through an instrument known as a colposcope. A colposcope is nothing more than a device that allows for magnification of an observed field anywhere from two to thirty times its normal size. The colposcope is not inserted into the patient. It rests on a tripod on wheels and remains approximately twelve inches from the patient while the doctor looks through it.

█ Appellant's objection did not go to the gynecologist testifying as to what she observed of the victim while using the colposcope, but to her testifying as to her conclusion as to the cause of the damage to victim's hymen and vaginal area when such conclusion was arrived at with the assistance of the colposcope. Appellant cites *Frye v. United States*, 293 F. 1013 (D.C. Cir., 1923), which states the general rule which justifies admission of expert testimony based upon "novel concepts." The novel concept from which the deduction is made must be sufficiently established to have gained general acceptance in the particular field in which it belongs before evidence derived from its use can be admitted.

█ This court differs with appellant, and believes that colposcopic visualization need not pass the *Frye* test. As described above, the instrument is little more than a magnifying glass with a fancy name; hardly a "novel concept." The court notes that appellant conceded he has no objection to the admission of the gynecologist's colposcopic-aided testimony about what she observed, but does object to such testimony going to her conclusion of the cause of the vaginal trauma. Since appellant had no objection to the gynecologist's objective testimony crossing the lens of the colposcope, once on the other side, her expert opinion testimony about cause was admissible. *See Commonwealth, Dept. of Highways v. Widner*, Ky., 388 S.W.2d 583 (1965). We find no abuse of discretion by the trial court.

█ Appellant's second assignment of error is that it was prejudicially incorrect for the trial court to allow the investigating social worker to testify that the victim's upset behavior during her questioning of the victim was consistent with that of a sexually abused child. Although we believe this argument is different than that presented at trial by appellant, and thus not properly before this court, it is our opinion that the argument is without merit. The social worker's testimony does not go to the ultimate issue of innocence or guilt. We believe that the social worker was qualified, either as an expert or lay witness, to give her opinion, and that appellant had opportunity to introduce explanations of the child's behavior different from sexual abuse. Then it would have been for the jury to decide which explanation was to be believed and determine the ultimate issue of guilt or innocence. The situation here is more like the facts in *Miller v. Commonwealth*, Ky., 512 S.W.2d 941 (1974) *cert. denied* 420 U.S. 935, 95 S.Ct. 1142, 43 L.Ed.2d 411 (1975), where a frequent drug user was allowed to testify that a substance used by another was a particular type of drug based upon his experience and observation of the user's reaction.

The judgment of the Fayette Circuit Court is affirmed.

All concur.