**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Victor D. Smith, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2019-000549

———

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-116
Heard March 12, 2024 – Filed April 3, 2024

———

**AFFIRMED**

———

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson, Assistant Attorney General D. Russell Barlow, II, and Assistant Attorney General Shayla Joan Flores, all of Columbia, for Respondent.

———

**PER CURIAM:** Victor D. Smith appeals an order from the post-conviction relief (PCR) court denying his PCR application based on ineffective assistance of counsel. Smith argues the PCR court erred by finding trial counsel was not ineffective for

failing to object to the lead investigator's testimony that bolstered the testimony of one of Smith's codefendants. We affirm the PCR court's order.

Skeletal remains found in July 2009 that were otherwise unidentifiable were connected to the unresolved missing person investigation for Ernest Robinson that police had conducted almost a year prior in September 2008. The missing person investigation determined that Robinson was last seen at Smith's apartment. Police interviewed three people connected with the apartment: Jeremiah Jones; Allen Fulton; and Jazmine Bright, who was Smith's girlfriend and is the mother of his son. Fulton initially denied any knowledge or involvement in Robinson's death. When police interviewed Jones, he implicated Fulton, Smith, Smith's brother, and himself in Robinson's murder.

Police then interviewed Fulton again, who this time implicated himself after police confronted him with Jones's version of events. Police also interviewed Bright, who told them that Smith confessed to her that he killed Robinson over missing money, albeit under different circumstances and in a different location than Jones's account.

Consequently, police arrested Smith (and Jones, Fulton, and Smith's brother), and a grand jury indicted Smith for murder. At trial, Jones and Fulton both testified on behalf of the State that Smith shot and killed Robinson during a fight over missing money. Bright testified about Smith's confession to the killing. Smith's brother invoked his right against self-incrimination and did not testify. Lead Investigator Travis Holdorf testified as follows concerning his interview with Jones:

> [Jones initially] did not want to implicate [Smith] . . . [Smith] was like a brother to him. [Jones] was emotional. I think it was very real what he was saying, because, again, it was emotional. There are just some things you get a feeling they're not faking. He didn't want to tell, but he didn't have a choice. He even implicate[d] himself in the murder. When he started doing that, that was actually very surprising to us.

Smith was found guilty and sentenced to life imprisonment without possibility of parole.

Smith subsequently filed an *Anders*[1] brief, and this court dismissed the appeal. *State v. Smith*, Op. No. 2013-UP-423 (Ct. App. filed Nov. 30, 2013). Smith then filed a PCR application. Following an evidentiary hearing, the PCR court dismissed his application. This court granted certiorari as to the single issue on appeal.

On appeal, Smith argues that Investigator Holdorf's testimony improperly bolstered Jones's credibility. However, this argument was never made to the PCR court. Instead, PCR counsel only argued that Investigator Holdorf's testimony bolstered the credibility of *Fulton* rather than that of Jones, including in PCR counsel's Rule 59(e), SCRCP motion. The PCR court thus never had an opportunity to rule on the question that is before this court on appeal. Consequently, we hold that the issue is unpreserved. *See State v. Sheppard*, 391 S.C. 415, 421, 706 S.E.2d 16, 19 (2011) ("[T]he plain error rule does not apply in South Carolina state courts. Instead, a party must have a contemporaneous and specific objection to preserve an issue for appellate review." (citation omitted)); *State v. Morales*, 439 S.C. 600, 609, 889 S.E.2d 551, 556 (2023) ("One primary purpose of our issue preservation rules is to 'give the trial court a fair opportunity to rule.'" (quoting *Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012))); *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("Without an initial ruling by the trial court, a reviewing court simply would not be able to evaluate whether the trial court committed error.").

Even if we were to treat the issue as preserved, we find that Smith has failed to establish prejudice. *See Speaks v. State*, 377 S.C. 396, 399, 660 S.E.2d 512, 514 (2008) (noting that to establish an ineffective assistance of counsel claim, PCR applicants must show "(1) counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) counsel's deficient performance prejudiced the applicant's case"); *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (holding that to establish prejudice, a PCR applicant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Specifically, it would have been difficult for the jury to ignore the testimony of Smith's codefendant, Fulton, and of Bright, his girlfriend, both of whom gave testimony that was not bolstered. Although the witnesses did not give identical accounts, all of their testimonies supported the State's theory that Smith killed Robinson over missing money. *See Honea v. Prior*, 295 S.C. 526, 532, 369 S.E.2d 846, 850 (Ct. App. 1988) (finding that any error resulting from witness bolstering

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

was harmless because another witness, "without objection, gave similar, if not identical testimony"); *State v. Moorer*, 241 S.C. 487, 496, 129 S.E.2d 330, 335 (1963) ("The law . . . recognizes the fallibility of human memory as well as the variation in powers of perception among human beings . . . ." (quoting 20 Am. Jur. *Evidence* § 768)), *overruled on other grounds by State v. Torrence*, 305 S.C. 45, 69 n.5, 406 S.E.2d 315, 329 n.5 (1991) (Toal, J., concurring)).

For the foregoing reasons, the PCR court's denial of Smith's PCR application is

**AFFIRMED.**

**GEATHERS, HEWITT, and VINSON, JJ., concur.**